PHILLIP H. REED, Doing Business under the Firm Name and Style of P. H. REED & COMPANY, Respondent, *v.* GEORGE W. WATSON, Appellant, Impleaded with RUSSELL A. MORTON and Another, Defendants.

Fourth Department, May 8, 1935.

*George W. Watson* [*William J. Darch* of counsel], for the appellant.

*Preston M. Albro*, for the respondent.

THOMPSON, J. The judgment which plaintiff has recovered against defendant Watson is based upon a complaint in which it is alleged that the plaintiff is a hotel broker, residing and doing business in the city of Chicago. In the first cause of action, plaintiff claims for services rendered in procuring a tenant and effecting a lease of hotel premises, pursuant to an agreement with said defendant. In the second cause of action, it is alleged that the services were performed with defendant's consent.

It seems that the hotel property in suit is situated in the city of Batavia, N. Y., where defendant resides, and that the transactions between plaintiff and defendant were effected entirely by correspondence. The complaint and proofs clearly indicate that the action is for services rendered in leasing the hotel. Plaintiff

secured the names of a number of prospective tenants, which he promptly forwarded to defendant. In some instances he arranged a personal interview between defendant and a prospective lessee at Batavia. Finally, it is plaintiff's claim, through his efforts a tenant was obtained, and a lease of the premises was entered into. Of course, the nature of the services which the plaintiff rendered and the time when they were rendered must be the basis of his right to recover, and not the particular lease or agreement which was finally entered into. (*Bendell* v. *DeDominicis*, 251 N. Y. 305, 309.)

Defendant resisted the suit on the ground that he did not hire plaintiff, or consent to his performing the services; that, instead of representing defendant in attempts to lease the hotel, plaintiff represented his own clients, and defendant points to the fact that he steadfastly refrained from entering into a written contract of listing which plaintiff required, and insists that the correspondence nowhere shows that he employed plaintiff, or acquiesced in the rendition of services by plaintiff for him. Both causes of action were submitted to the jury. Defendant challenges the verdict upon the ground that it is against the weight of the evidence. We take the view that there is sufficient evidence in the case to form a basis for the verdict the jury returned upon both of these theories.

A more serious question is urged by defendant in that plaintiff failed to allege or prove a compliance with sections 422-a, 422-d and 422-g of the Real Property Law, which provide that no person shall bring an action in any court of the State for services rendered in the leasing of any real estate without alleging and proving that such person was a duly licensed real estate broker, or real estate salesman, on the date when the alleged cause of action arose, and this whether he be a resident or non-resident of the State. Not only was this proof lacking, but plaintiff expressly testified that he did not have such a license. But plaintiff asserts that the services he performed were not for the leasing of real estate, as the statute has it; on the contrary, he contends that he was only " attempting to negotiate the lease of the hotel as a going concern." The distinction does not dismiss the statute. We think that the plaintiff's allegations and proofs show conclusively that the services he performed were in obtaining a lease of real estate, and that the case comes clearly within the purview of the provisions of the Real Property Law, which we have before referred to. This is not the case where upon the facts it can be said that the lease was incidental to the sale of a business, as in *Weingast* v. *Rialto Pastry Shop, Inc.* (243 N. Y. 113). There the plaintiff did not claim to be a real estate broker, but a business broker, " buying and selling

restaurants as places of business or going concerns of which the trade and good will form the subject-matter." The contract was to sell a restaurant business as a business, a going concern. The sale included the store, good will, certain personal property and an existing lease. The court held that the lease was a part of the good will. The case goes no further than to hold that the statute does not apply to the " selling or exchanging businesses as going concerns although, as part of the good will, such sales may include the lease of a store or building."

Plaintiff's claims and proofs in this case are instinct with the conclusion that the services, a compensation for which is sought in the suit, were for services rendered in the leasing of real estate.

For these reasons, the judgment should be reversed, with costs, and the complaint dismissed, with costs.

All concur; CROSBY, J., also on the further ground that the evidence was insufficient to establish an employment of the plaintiff or ratification of his acts; TAYLOR, J., in result upon the sole ground that the evidence was insufficient to establish an employment of the plaintiff or ratification of his acts; except SEARS, P. J., who concurs for reversal on the law but votes for a new trial on the sole ground of error in refusing to charge that plaintiff was not entitled to recover if the transaction was one of real estate brokerage. Present — SEARS, P. J., TAYLOR, THOMPSON, CROSBY and LEWIS, JJ.

Judgment and order reversed on the law, with costs, and complaint dismissed, with costs.