EDWIN M. GARTRELL, Doing Business as DIXIE REALTY, Respondent, v. EUGENE J. JENNINGS et al., Appellants.— In an action to recover commissions for services rendered as a real estate broker, defendants appeal from so much of a resettled order as denied their motion, pursuant to rule 106 of the Rules of Civil Practice, to dismiss the complaint for failure to state facts sufficient to constitute a cause of action. Order, insofar as appealed from, modified by striking from the ordering paragraph the words "in all respects denied", and by substituting in lieu thereof the following: "granted to the extent that the complaint is dismissed, with leave to serve an amended complaint, and otherwise denied." As so modified, order affirmed, with $10 costs and disbursements to appellants. Plaintiff may serve such amended complaint within ten days after the entry of an order hereon. Section 442-d of the Real Property Law provides that no person "shall bring or maintain an action * * * for the recovery of compensation for services rendered" in this State in selling real estate "without alleging" that he "was a duly licensed real estate broker or real estate salesman on the date when the alleged cause of action arose." Our view is that the intendment is that the fact that plaintiff was thus licensed must be pleaded where, as here, it has not been alleged that the services were rendered outside this State; in other words, that it must appear on the face of the complaint that the action is maintainable. Otherwise, one not thus licensed could, with impunity, commence an action to recover for such service rendered in this State and, by neither alleging the place of rendition of the service nor the fact of the absence of license, continue to maintain it until at least some later stage in the litigation. The facts that the real property in question is situated in the State of Florida and that plaintiff is licensed as a real estate broker in that State, as alleged in the complaint, do not obviate the requirement of the cited statute (see *Bitterman* v. *Schulman,* 265 App. Div. 486; 267 App. Div. 858, affd. 293 N. Y. 678). Adel, Wenzel and Beldock, JJ., concur; Nolan, P. J., and MacCrate, J., dissent and vote to affirm, without modification, with the following memorandum: The order appealed from denies a motion to dismiss the complaint, on the ground that it appears, *on the face thereof,* that it does not state facts sufficient to constitute a cause of action, or in the alternative, to require the plaintiff to make certain allegations of his complaint more definite and certain. The action is by a real estate broker, licensed in the State of Florida, to recover commissions alleged to have been earned in procuring a purchaser for property owned by defendant, and situated in that State. The complaint does not allege that plaintiff performed any services as a real estate broker in New York State, nor does it disclose where

the services were performed. It was not necessary to allege, in order to state a cause of action, the place in which plaintiff's services were performed (Civ. Prac. Act, § 241), nor was it necessary for plaintiff to allege that he had obtained a license in this State unless the action was brought for the recovery of commissions for services rendered in this State (Real Property Law, § 442-d). If the action is, in fact, to recover for services rendered here, the complaint is defective. However, since the defect does not appear on the face of the complaint, the motion to dismiss for insufficiency was properly denied. It may well be that the motion to compel plaintiff to make his complaint more definite and certain by stating the place where the services were performed should have been granted. (Cf. *Peters* v. *Huppert*, 159 App. Div. 829.) However, we see no violation of any substantial right in requiring defendants to procure such information as they may consider necessary as to the details of plaintiff's claim, by way of a bill of particulars. (Cf. *Young* v. *White*, 158 App. Div. 760; *American Clay & Cement Corp.* v. *Bevacqua*, 251 App. Div. 796; *Higgins* v. *O'Donnell*, 256 App. Div. 981, and *Matter of Mechler*, 129 Misc. 549.)