J. I. KISLAK, INC., Respondent, *v.* CAROL MANAGEMENT CORPORATION, Appellant.

First Department, March 31, 1959.

*Sylvan D. Freeman* of counsel (*Dreyer & Traub,* attorneys), for appellant.

*Edward Elman* of counsel (*Harold B. Lawrence* with him on the brief), for respondent.

VALENTE, J.    Defendant appeals from an order denying its motions to dismiss the complaint for insufficiency pursuant to rule 106 of the Rules of Civil Practice, and to strike certain paragraphs pursuant to rule 103 of the Rules of Civil Practice.

In summary, the complaint alleges a cause of action for damages for breach of a written brokerage agreement, entered into on May 19, 1958.   A copy of the contract, annexed to the complaint, indicates that plaintiff was engaged as an exclusive broker, for a period of 30 days, to sell the common stock of three F. H. A. corporations which owned real property in New Jersey.   Brokerage commissions were to be paid by the purchaser.   The agreement also sets forth the amounts of the " three F. H. A. mortgages which the premises [were] being

sold subject to ''. Provision is also made for turning over rental securities to the purchaser at the time of passing title to the stock.

Plaintiff alleges it procured a purchaser, within the 30-day period, who was ready, willing and able to purchase the stock, and who was prepared to pay plaintiff the sum of $95,000 as commissions, but that defendant refused to sell the stock to the prospective purchaser. As a consequence, plaintiff claims to have been damaged in the amount of the commissions it would have earned.

In certain paragraphs of the complaint, plaintiff has alleged the making of false representations by defendant as to operating income and expenses of the corporations. It is these allegations which are the subject of defendant's motion under rule 103.

The complaint fails to allege that plaintiff is licensed as a real estate broker in the State of New York. Section 440 of the Real Property Law defines a real estate broker as meaning, among other things, any corporation who for a fee, commission or other valuable consideration attempts to negotiate a sale of an estate or interest in real estate. Under section 440-a, no corporation may act as a real estate broker in the State without first procuring a license. Section 442-d provides: '' No person, copartnership or corporation shall bring or maintain an action in any court of this state for the recovery of compensation for services rendered, in any place where this article is applicable, in buying, selling, exchanging, leasing, renting, or negotiating a loan upon any real estate without alleging and proving that such person was a duly licensed real estate broker or real estate salesman on the date when the alleged cause of action arose.''

The question presented is whether the contemplated sale of the stock of the three F. H. A. corporations was a real estate transaction requiring plaintiff to allege it was a duly licensed real estate broker. In Dodge v. Richmond (5 A D 2d 593, 595) we recently pointed out that we must look '' to the nature of the transaction as well as the purpose of the statute '' to see if real estate was the dominant feature of the contract and thus determine the applicability of section 442-d of the Real Property Law. Where a transfer of realty is only an incident in the selling of a going business, no real estate license is needed. (Weingast v. Rialto Pastry Shop, 243 N. Y. 113; Dodge v. Richmond, supra.)

That the real estate sub judice was situated in New Jersey does not eliminate the necessity for having a real estate broker's license and alleging that fact. (Gartrell v. Jennings, 283 App. Div. 879; Bitterman v. Schulman, 265 App. Div. 486, 267 App.

Div. 858, affd. 293 N. Y. 678; *Baird* v. *Hine*, 253 App. Div. 65; *Copellman* v. *Rabinowitz*, 208 Misc. 274.) The agreement herein shows it was executed in the State of New York and that defendant has its place of business in New York.

Plaintiff argues that the transaction in the instant case involved only a sale of personalty in no way affecting any interest in realty since ownership of the stock of a corporation is not synonymous with legal ownership of corporate assets. In *Raisler Heating Co.* v. *Taylor Co.* (241 App. Div. 355) it was said that " A sale of all of the stock of a corporation has been held to be a sale of its assets ". The same conclusion was reached in *Benedict* v. *Dakin* (243 Ill. 384). In *Morad* v. *Haddad* (329 Mass. 730, 735) the court said: " The sale of all of the stock of the corporation was in legal effect a sale of all of its assets, and the mere fact that the parties found it more convenient to transfer all of the stock rather than to make a conveyance of its assets does not change the substance of the transaction."

We cannot ignore the mention in the agreement herein of " F. H. A. corporations " and " F. H. A. mortgages ". F. H. A. of course refers to housing under the National Housing Act (U. S. Code, tit. 12, § 1701 *et seq.*). An F. H. A. corporation has only one asset — the mortgaged property. Because of restrictions contained in the statute and the regulations, the fee may not be conveyed or the leasehold assigned without the consent of the Federal Housing Administration. But the realty owned by an F. H. A. corporation may be conveyed without F. H. A. consent by the simple expedient of transferring the common stock of the corporation.

Looking at the substance, rather than the mere form, of the transaction herein there can be no question that the parties contemplated a sale of an interest in real estate. To hold that the sale of all of the common stock of a real estate corporation is not a real estate transaction requiring a broker to plead and prove that he is licensed before compensation can be recovered would disregard the obvious intent of the statute and afford a disingenuous means of escaping its requirement. We hold therefore that the transaction in suit falls within section 442-d of the Real Property Law, and that the complaint must be dismissed for failure to allege plaintiff is a real estate broker duly licensed in the State of New York. In view of this conclusion, the appeal from the denial of relief under rule 103 becomes academic. However, since plaintiff is being afforded an opportunity to serve an amended complaint, we deem it desirable to express our views as to the objectionable allegations to avoid their repetition in an amended pleading. The allega-

tions as to fraudulent misrepresentations, to which the motion under rule 103 was addressed, are wholly immaterial to plaintiff's cause of action and will unduly tend to prejudice the defendant. They should not be repeated in any amended complaint which may be served.

Order should be reversed on the law, and the motion to dismiss the complaint pursuant to rule 106 of the Rules of Civil Practice, granted, with costs to appellant, with leave to plaintiff, if so advised, to serve an amended complaint, if the facts warrant it, curing the deficiency noted.

BREITEL, J. P. (dissenting). There is little doubt that if all that were proved on the trial was an agreement for the sale of all the common stock of a Federal Housing Administration corporation, presumptively, the transaction would involve predominantly a sale of real property rather than otherwise.

But, to find conclusively on the basis of the pleading here that that must have been the dominant intent and purpose of the transaction goes too far. In *Dodge* v. *Richmond* (5 A D 2d 593), with the principles of which there should be no disagreement, this court was not cutting off a factual inquiry but inviting one upon the trial. All that was involved on that appeal was the sufficiency of the defense.

There may be other motivations and purposes in the transfer of stock, other than that of transferring the real estate. An F. H. A. corporation operates a going business and is not the mere and passive holder of real estate title. As a consequence, it has assets other than real estate. It has leases, receivables and, perhaps, liquid assets. Even a real estate holding corporation may have income tax loss carry-overs. Moreover, there is the situation that the preferred stock in an F. H. A. corporation is held by the Federal agency. There is also the still further circumstance that if the corporation is in default on its payments the Federal agency, by reason of its ownership of the preferred shares, may assume control.

The fact of the matter is, and it is not a bare technicality, the complaint (and the transaction as alleged therein), on its face, involves no more than a sale of personalty. The motion on this appeal, being made under rule 106 of the Rules of Civil Practice, is addressed to but the face of the complaint and none of the facts are probed, as would be the situation under rule 113 of the Rules of Civil Practice, with the assistance of affidavits setting forth appropriate facts.

Insofar as defendant attacks the relevancy of certain allegations in the complaint under rule 103, its position is evidently correct and that part of the motion should have been granted.

Accordingly, I dissent and vote to modify the order at Special Term insofar as it denied that branch of defendant's motion to strike certain allegations pursuant to rule 103 of the Rules of Civil Practice, and to grant such relief, and to affirm so much of the order as denied defendant's motion to dismiss the complaint.

RABIN, M. M. FRANK and McNALLY, JJ., concur with VALENTE, J.; BREITEL, J. P., dissents in opinion.

Order reversed, on the law, with $20 costs and disbursements to the appellant, and the motion to dismiss the complaint, pursuant to rule 106 of the Rules of Civil Practice, is granted, with $10 costs, with leave to plaintiff, if so advised, to serve an amended complaint within 20 days after service upon its attorney of a copy of the order entered herein, with notice of entry thereof.