■ HERBERT A. LA RONGE, INC., Respondent, v. E. G. & B., INC., et al., Appellants.— Order and judgment unanimously modified in accordance with the memorandum and as so modified affirmed, without costs. Memorandum: Special Term granted summary judgment to plaintiff for the amount of broker's commissions allegedly earned by it in obtaining a tenant for real property held by the corporate defendant. The property is located in Buffalo, New York and defendants reside there. Plaintiff and the lessee are Ohio corporations and the lease was executed in that State. ¶ Plaintiff has not shown that it possessed a New York State real estate broker's license which would be required if any part of its services were rendered in this State (Real Property Law, § 442-d), nor has it shown that all of its services were rendered outside of this State and thus not subject to New York State laws. (Cf. Gartrell v. Jennings, 283 App. Div. 879.) The order and judgment insofar as they grant summary judgment to plaintiff, for the amount of its commissions, should, therefore, be reversed and plaintiff's motion for summary judgment denied, without prejudice to a renewal of the motion on proper papers. Otherwise, the order and judgment should be affirmed. (Appeal from order and judgment of Erie Special Term granting motion for summary judgment.) Present — Del Vecchio, J. P., Marsh, Gabrielli, Cardamone and Henry, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. A. CARL JUHL, Appellant.— Motion granted, judgment vacated and new trial granted. Memorandum: Since no appeal was taken by the District Attorney from the order granting defendant's application to be resentenced, we are not empowered to review the propriety of that order, and as a consequence, we are now constrained to grant defendant's motion. The destruction of the trial transcript and stenographic notes forecloses the defendant from having an appellate review of any of the evidence and rulings of the trial court. (People v. Jackson, 36 A D 2d 1008; People v. Schwach, 16 A D 2d 879; People v. Lomoso, 284 App. Div. 670.)