opinion of the court
Richard W. Wallach, J.
This motion by defendants for summary judgment, essentially on the ground that plaintiff’s claim is barred by the failure of its two officer brokers (Emma and Leff) to be licensed in New Jersey, is denied.
Plaintiff Collins Tuttle Co., Inc. (Collins) is a multi-State brokerage organization which at all pertinent times was licensed as a broker in New Jersey as well as in New York. The same cannot be said of Messrs. Emma and Leff. Although fully licensed in New York as brokers, they only satisfied New Jersey’s formal licensing requirements after all of their purported services were rendered, and shortly before the deal which allegedly froze them out closed. It is this assertedly illegal status of Emma and Leff which is urged by defendants as a complete bar to any recovery by their principal.
For the purpose of determining this motion this court will accept the following two contentions advanced by defendants:
*729 (1) Because the sale-lease transaction involved New Jersey land and a Jersey lessor, and significant brokerage activity occurred in that State, under the modern “grouping of contacts” or “center of gravity” test, this action is controlled by the law of New Jersey. (Auten v Auten, 308 NY 155; Intercontinental Planning v Daystrom, Inc., 24 NY2d 372.)
(2) The bar of the Jersey statute requiring licensed actors in land brokerage transactions does not merely serve to “close the doors” of the Jersey courts (so that a suit in a separate jurisdiction such as New York could be maintained); rather it operates to extinguish the commission claim of the unlicensed plaintiff so that he cannot pursue his action anywhere (Weston Funding Corp. v Lafayette Towers, 550 F2d 710).
But, even giving full effect to these assumptions, this court finds that the Jersey courts would not bar this action as a matter of law. True, on the face of the statute, the bar might appéar to be insuperable. Section 45:15-1 of the New Jersey Revised Statutes prohibits any unlicensed person “to act as a real estate broker or salesman * * * without being licensed to do so”. Even closer in point is section 45:15-9 of the New Jersey Revised Statutes which provides: “no person shall transact business in the name and behalf of a corporation duly licensed as a broker unless he shall hold a license as a broker or salesman which permits him to act for such corporation.”
This statute is fully coextensive with the law of New York (Real Property Law, § 442-d). In construing New York’s congruent legislation, our Court of Appeals has looked to the reality and not to the mere form, and where the statutory purpose has been satisfied it is the substance and not the form which will control. The purpose of the statute is to protect the public against unlicensed persons (Bendell v De Dominicis, 251 NY 305; Rosenthal v Art Metal, 101 NJ Super 156, affd 53 NJ 344). Where the actors in the transaction are in fact licensed brokers and the defect in their licensure is merely technical (e.g., broker licensed to one corporation acting for another licensed brokerage corporation but whose individual license is not properly indorsed to the second company), the statute will *730 not work a forfeiture of an otherwise just claim (Galbreath-Ruffin Corp. v 40th & 3rd Corp., 19 NY2d 354).
The situation at bar is highly similar to Galbreath-Ruffin (supra). Just as in that case the active brokers, Messrs. Emma and Leff, were fully licensed (albeit in New York), and their principal, Collins, was licensed both in New Jersey and in New York. The failure of these brokers to obtain a Jersey license is not fatal, because the papers before the court show that brokerage licensing between New York and New Jersey is entirely reciprocal, and that where a broker is licensed in New York he may obtain a Jersey license “for the asking”. (Indeed, that is what occurred here.) And, of course, since Collins was licensed in Jersey, the general bar of section 45:15-3 of the New Jersey Revised Statutes has no application whatsoever to this action.
There is ample evidence that the law of New Jersey would accommodate a similarly reasonable and just result. In Tanenbaum v Sylvan Bldrs. (29 NJ 63), plaintiff was a broker licensed in New York but not in New Jersey. His cobroker and coplaintiff, A. P. Levin, Inc., had a Jersey license. The lower courts denied a recovery to both. The Jersey Supreme Court reversed the denial of a commission to Levin, and refused to taint Levin’s separate claim with the defect attributable to Tanenbaum. If the licensed joint venturer (Levin) could prevail in Tanenbaum, the licensed principal (Collins) should also prevail here.
This conclusion is buttressed by a 1979 amendment to the Jersey statute expressly permitting recovery by brokers licensed in other jurisdictions who act as cobrokers with a duly licensed Jersey broker (New Jersey Stat Ann, § 45:15-3.1). This court need not accept plaintiff’s suggestion that this amendment was designed to overrule the result reached in Rosenthal v Art Metal (101 NJ Super 156, affd 53 NJ 344, supra), although its application would have clearly salvaged Tanenbaum’s cause of action. But the court does conclude that the policy explicit in such legislation, being remedial in nature, would be applied retroactively by the Jersey courts to aid in distinguishing the case at bar from earlier stringent holdings (see McKinney’s Cons Laws of NY, Book 1, Statutes, § 54-a).
*731 Defendants’ remaining arguments in support of summary judgment are deserving of short shrift. Apparently plaintiff does not allege that it was the procuring cause of the ultimate transaction, but rather that having sowed the seeds, it was conspiratorily “frozen out” of the deal it could have effected, had it been granted the opportunity to do so. This is not a novel theory of brokerage recovery either in New York or New Jersey (Keviczky v Lorber, 290 NY 297; Ackman v Taylor, 296 NY 597; Louis Kamm, Inc. v Flink, 113 NJL 582). Whether Collins could have accomplished the sale of the property and the subsequent lease to Colgate together with the required zoning variances simply present questions of fact for trial.
Accordingly, defendants’ motion for summary judgment is in all respects denied.