■ RONDA ROGOVIN et al., Appellants, v BACH REALTY, INC., et al., Respondents.—Order, Supreme Court, New York County (Eugene Nardelli, J.) entered March 10, 1988, which, *inter alia,* denied reargument and renewal of a prior order of the court which had granted the defendants' motion to dismiss the first, second, and third causes of action in the amended complaint and granted only in part plaintiffs' cross motion to amend the complaint only to the extent of permitting plaintiffs to amend the fifth cause of action, unanimously modified, on the law, facts and in the exercise of discretion, to grant renewal and upon renewal to grant the individual plaintiff leave to serve an amended complaint asserting quantum meruit and unjust enrichment claims, individually, and otherwise affirmed, without costs. The appeal from the original order of the Supreme Court, New York County (Alvin F. Klein, J.), entered June 10, 1987, is dismissed as subsumed in the appeal from the order on renewal and reargument, without costs.

Plaintiff Ronda Rogovin, a licensed real estate broker, worked as a salesperson for defendant Bach Realty, Inc., a real estate brokerage firm, from 1981 to 1986. In 1983, Rogovin formed plaintiff corporation Manhattan Skyline Properties, Ltd., a corporation of which she is president, sole shareholder, and sole employee, and subsequently assigned her rights under her "Independent Contractor's Agreement" with Bach to her corporation, while continuing to perform brokerage services for Bach.

In November 1986, Bach fired Rogovin and allegedly refused to pay her over $400,000 in commissions she earned prior to her termination. Rogovin and her corporation then brought this action asserting various claims against Bach, and its president, defendant Charatan. As relevant here, in the first, second and third causes of action, plaintiffs seek to recover, under various legal theories, the commissions allegedly withheld.

The IAS court dismissed these causes of action because it found that the plaintiffs could not maintain the action. It held that the corporate plaintiff could not recover because it is not a duly licensed real estate broker, thereby barred by statute (Real Property Law § 442-d) from commencing or maintaining such causes of action, and the individual plaintiff could not recover because she assigned all her rights to the corporation.

We disagree and find that Ms. Rogovin should be allowed to pursue her claims. The gravamen of the causes of action here at issue is that Rogovin performed valuable brokerage services and Bach benefited from those services. Plaintiffs allege that Bach received brokerage fees from parties to transactions that Rogovin brokered and did not compensate her for her share of the commissions.

Real Property Law § 442-d forbids an unlicensed person or corporation from maintaining an action for real estate broker-age commissions. However, the purpose of the statute is to protect the public against unlicensed or fraudulent brokers. *(See, e.g., Galbreath-Ruffin Corp. v 40th & 3rd Corp.,* 19 NY2d 354, 362-363; *Collins Tuttle & Co. v Colgate Palmolive Co.,* 114 Misc 2d 728.)* Here, in distinction, the dispute lies not between a customer and a broker but between two brokers, and the public interest is not implicated. Moreover, the plaintiff corporation Manhattan Skyline Properties, Ltd. is merely the alter ego of individual plaintiff Rogovin. It appears from the record that the corporation was formed for tax and pension plan purposes and that the sole shareholder, officer and employee of the corporation is Rogovin, who is a duly licensed broker. All of the brokerage services alleged to have been rendered were performed by Rogovin individually, and salutary purposes of the statute would in no way be served by preventing Rogovin from recovering the commissions that she, in fact, earned. While we defer to the mandatory nature of the statutory proscription in holding that the corporate plaintiff is technically barred from maintaining this action, the licensed Rogovin is not similarly proscribed from asserting causes of action for the commissions in her individual right.

Defendants argue that since Rogovin assigned all her rights under her "Independent Contractor's Agreement" with Bach to her corporation in a letter agreement dated March 21, 1984, she no longer has any standing to assert any causes of action on her own behalf against Bach. However, that letter agreement only applies to rights arising *under the contract.* Here, the causes of action in the proposed amended complaint

are predicated upon theories of quantum meruit and unjust enrichment, which do not flow from the contract but instead are essentially equitable claims.

Accordingly, we affirm the dismissal of the causes of action for commissions asserted on behalf of the corporation, but hold that Rogovin is permitted to amend the complaint to assert these claims individually. Concur—Kupferman, J. P., Sullivan, Kassal, Ellerin and Smith, JJ.