■ PHILIP MEHLER REALTY, INC., Respondent, v LEO KAYSER III, Doing Business as LEO KAYSER III, P. C., and Another, Appellant.—Order, Supreme Court, New York County (David H. Edwards, Jr., J.), entered March 19, 1990, which, inter alia, denied defendant's motion to dismiss the first cause of action of the complaint pursuant to CPLR 3211 (a) (7), is unanimously reversed, on the law, to the extent of granting the motion to dismiss the first cause of action, and otherwise affirmed, with costs.

The sole issue before the court is whether Real Property Law § 442-d bars an action to recover a real estate brokerage commission where the plaintiff-real estate broker-corporation, at the time its services were rendered, was not a licensed real estate broker, but the president of said plaintiff-corporation was so licensed in New York State. We hold that it does bar such an action.

Plaintiff Philip Mehler Realty, Inc. (hereinafter "Mehler Realty") by its president, Philip Mehler (hereinafter "Mehler"), and defendant Leo Kayser, III, P. C. (hereinafter "Kayser, P. C.") by its president, Leo Kayser (hereinafter "Kayser"), entered into a real estate brokerage agreement dated April 25, 1988. Mehler and Kayser signed the agreement in their representative capacities only. The agreement, *inter alia,* provided for the payment to plaintiff for its services of $30,000. This action was commenced because on or about June 30, 1988 defendant allegedly terminated the agreement without justification after having paid only $5,000. The first cause of action alleges breach of contract and seeks recovery of the balance allegedly due. In the complaint plaintiff identifies Mehler as its president but fails to allege that either Mehler or the corporation are licensed real estate brokers.

Defendant sought, *inter alia,* dismissal of the first cause of action on the grounds that plaintiff was an unlicensed real estate broker and that the complaint failed to state a cause of action. The motion court held the motion in abeyance pending a hearing before a Special Referee to determine whether plaintiff or its officers were licensed when the action allegedly arose. At this hearing plaintiff offered evidence establishing that a real estate broker's license was held by Mehler, a non-party to the litigation. The Special Referee would not permit cross-examination of Mehler as to whether plaintiff was licensed. By order entered October 28, 1989 the Special Referee found that "P. Mehler has a real estate license." (Louis Kaplan, J.H.O.) The motion court denied the motion to dismiss the first cause of action, finding that "[i]t was determined that plaintiff was and is a licensed real estate broker" and that this cause had been "adequately stated."

Real Property Law § 442-d states that: "No person, copartnership or *corporation* shall bring or maintain an action in any court of this state for the recovery of compensation for services rendered, in any place in which this article is applicable, in the buying, selling, exchanging, leasing, renting or negotiating a loan upon any real estate *without alleging and proving* that such person was a duly licensed real estate broker or real estate salesman on the date when the alleged cause of action arose." (Emphasis added.)

In *NFS Servs. v West 73rd St. Assocs.* (102 AD2d 388 [1984], *affd* 64 NY2d 919 [1985]) this court dismissed the complaint for payment of a real estate brokerage commission where the plaintiff-broker was licensed in New Jersey but not New York. Therein we stated that "[Real Property Law] Section 442-d

bars any action to recover compensation except upon allegation and proof that the person was a duly licensed real estate broker on the date the cause of action accrued". (102 AD2d, *supra,* at 391.) The "clear import of section 442-d * * * operates to bar an unlicensed broker from commencing or maintaining [such] an action". *(Supra,* at 391; *see, Rogovin v Bach Realty,* 147 AD2d 364, 365 [1989].)

The instant action, therefore, cannot be maintained by the plaintiff-corporation because there is no allegation in the complaint or elsewhere that the corporation is or was licensed and no proof was offered to or received by the Special Referee that the plaintiff was licensed. (Real Property Law § 442-d; *NFS Servs. v West 73rd St. Assocs., supra.)*

Plaintiff's contention that Mehler's real estate broker's license satisfies Real Property Law § 442-d and permits plaintiff to maintain the action is without merit. The cases cited by plaintiff in support of that proposition are readily distinguishable. In *Galbreath-Ruffin Corp. v 40th & 3rd Corp.* (19 NY2d 354 [1967]) and *Collins Tuttle & Co. v Colgate Palmolive Co.* (114 Misc 2d 728 [Sup Ct 1982]) the plaintiff-corporations were licensed New York real estate brokers. In *Eaton Assocs. v Highland Broadcasting Corp.* (81 AD2d 603 [1981]) Real Property Law § 442-d was held inapplicable.

Accordingly, the first cause of action herein should be dismissed for failure to state a cause of action. Concur—Sullivan, J. P., Rosenberger, Kupferman, Smith and Rubin, JJ.