■ ROBERT BURTON, Respondent, v ANTHONY LUCIDO, Appellant. [24 NYS3d 172]—

In an action to recover a real estate brokerage commission, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated February 21, 2014, as denied his motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

The plaintiff commenced this action to recover a real estate brokerage commission, alleging that nonparty Colestar Properties, Inc. (hereinafter Colestar), earned a commission in connection with the sale of certain real property owned by the defendant, and that Colestar assigned its interest in the commission to the plaintiff. The defendant moved for summary judgment dismissing the complaint. The Supreme Court denied the motion.

In order to recover a real estate brokerage commission, a broker must establish that he or she (1) is duly licensed, (2) had a contract, express or implied, with the party to be charged with paying the commission, and (3) was the procuring cause of the sale (see Poznanski v Wang, 84 AD3d 1048, 1049 [2011]; Zere Real Estate Servs., Inc. v Adamag Realty Corp., 60 AD3d 758, 759 [2009]; Friedland Realty v Piazza, 273 AD2d 351, 351 [2000]). Here, the defendant established his prima facie entitlement to judgment as a matter of law dismissing the complaint on the ground that Colestar, which assigned to the plaintiff its alleged interest in the commission at issue, was not a licensed real estate broker entitled to recover a commission during the relevant time period (see JCL Props., LLC v Equity Land Developers, LLC, 102 AD3d 745, 746 [2013]; Galano v Roslyn Sav. Bank, 290 AD2d 530 [2002]). In opposition to this prima facie showing, the plaintiff failed to raise a triable issue of fact. Although the president and sole shareholder of Colestar, Alexander J. Skorupski, Jr., was a licensed real estate broker during the relevant time period, Colestar was barred from receiving a commission for brokerage services based on Skorupski's license (see Real Property Law § 442-d; JCL Props., LLC v Equity Land Developers, LLC, 102 AD3d at 746; Ling's Props., LLC v Bode, 94 AD3d 951, 952 [2012]; Sharon Ava & Co. v Olympic Tower Assoc., 259 AD2d 315 [1999]; Philip Mehler Realty v Kayser, 176 AD2d 104 [1991]; Rogovin v Bach Realty, 147 AD2d 364, 365 [1989]). Skorupski testified at his deposition that while his brokerage license cards included Colestar's name, the license was held by him, "not the company," and the plaintiff presented no evidence to the contrary.

The parties' remaining contentions either need not be reached in light of our determination, are without merit, or are not properly before this Court.

Accordingly, the Supreme Court should have granted the de-

fendant's motion for summary judgment dismissing the complaint. Dillon, J.P., Dickerson, Miller and Duffy, JJ., concur.