19-664-cv
*Howard Carr Companies, Inc. v. Cumberland Farms, Inc., et al.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of November, two thousand nineteen.

PRESENT:   JOSÉ A. CABRANES,
           REENA RAGGI,
                   *Circuit Judges,*
           EDWARD R. KORMAN,
                   *District Judge*[*]

---

HOWARD CARR COMPANIES, INC., d/b/a THE HOWARD GROUP,

    *Plaintiff-Appellant,*                    19-664-cv

    v.

CUMBERLAND FARMS, INC. AND FIRST HARTFORD
REALTY CORPORATION,

    *Defendants-Appellees.*

---

**FOR PLAINTIFF-APPELLANT:**          JEFFREY L. ZIMRING, Law Office of
                                    Jeffrey L. Zimring, Albany, NY.

---

[*] Judge Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

**FOR DEFENDANTS-APPELLEES:**  DANIEL S.L. RUBIN, Girvin & Ferlazzo, P.C., Albany, NY.

Appeal from a February 15, 2019 judgment of the United States District Court for the Northern District of New York (David N. Hurd, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Howard Carr Companies ("The Howard Group") challenges the dismissal of its complaint against Defendants-Appellees Cumberland Farms ("Cumberland") and First Hartford Realty Corporation ("First Hartford"). The dismissed complaint alleged that Cumberland and First Hartford wrongfully withheld compensation for services that The Howard Group rendered. As a result, The Howard Group sought such compensation through an action in *quantum meruit*. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

*I: Applicability of New York Real Property Law § 442-d*

The Howard Group first argues that the District Court erred in finding that New York Real Property Law ("RPL") § 442-d applied to its complaint. We disagree.

We review *de novo* the interpretation of New York law. *In re Sharp Intern. Corp*, 403 F.3d 43, 49 (2d Cir. 2005). RPL § 442-d states that only those with a real estate license can "recover[] . . . compensation for services rendered . . . in the buying, selling, exchanging, leasing, renting, or negotiating a loan upon any real estate." The Howard Group—which has not produced a real estate license—contends that RPL § 442-d should not apply to the present action because it was not engaged in "buying, selling, exchanging, leasing, renting, or negotiating," but instead was engaged in "identifying and sorting" properties, a different act altogether. Appellant's Br. 14. It argues that, as a result, it need not produce a real estate license in order to proceed.

But New York courts have held otherwise. In the first place, they have noted that RPL § 442-d applies to any transaction "[w]here the dominant feature of th[at] transaction . . . is the transfer of real property." *Panarello v. Segalla*, 6 A.D.3d 515, 516 (2d Dept. 2004). That is the case here. As it admits in its own complaint, The Howard Group "engaged in the business of brokering commercial real estate transactions" for Cumberland and First Hartford. Appellant's App. 4. It did so when attempting to locate potential sites for Cumberland's stores, which First Hartford was to develop. The eventual transfer of real property was the "dominant feature" of this work, bringing any lawsuit over the work squarely within RPL § 442-d.

2

Moreover, New York courts have read RPL § 442-d to apply to proceedings even when plaintiffs—like The Howard Group—describe themselves as real estate "finders" rather than real estate "brokers." The Howard Group may attempt such a redescription of its activities in order to sidestep RPL § 442-d's limitations on litigation, as it argues that the statute does not apply to those not engaged in real estate brokering. Appellant's Br. 14-15. But the reach of the statute cannot be so easily evaded. As one court has clearly stated, the RPL § 442-d "prohibition applies even if the services rendered are characterized as those of a 'finder.'" *Futersak v. Perl*, 84 A.D.3d 1309, 1311 (2d Dept. 2011). As a result, RPL § 442-d applies here.

### II: RPL § 442-d Pleading Requirements

The Howard Group next contends that, even if RPL § 442-d applies, it still satisfies the statute's pleading requirements. We disagree.

We review *de novo* whether a plaintiff adequately stated a claim for relief. *Whitehurst v. 1199SEIU United Healthcare Workers East*, 928 F.3d 201, 206 (2d Cir. 2019). As noted above, RPL § 442-d requires a plaintiff to be a "duly licensed real estate broker or real estate salesman" in order to commence an action to recover for services rendered. The Howard Group claims that it met this pleading requirement in its complaint when it alleged that it "was engaged in the business of brokering commercial real estate transactions." Appellant's App. 4. It claims that such an allegation, with nothing more, was sufficient to demonstrate that it was a "duly licensed real estate broker" because it argues that an unlicensed broker would simply not have made such a claim. Appellant's Br. 16-17.

But this argument misunderstands the nature of RPL § 442-d's pleading requirements. As the New York courts have said, "Section 442-d bars any action to recover compensation except upon allegation and proof that the person was a duly licensed real estate broker on the date the cause of action accrued." *NFS Servs. v. West 73rd St. Assoc.*, 102 A.D.2d 388, 391 (1st Dept. 1984). "[T]he fact that the plaintiff was thus licensed must be pleaded . . . on the face of the complaint." *Gartrell v. Jennings*, 283 A.D. 879, 879 (2d Dept. 1954). Here, the "proof" that The Howard Group was licensed at the time that the cause of action accrued is absent. Moreover, The Howard Group never even claimed, on the face of the complaint, that it had any real estate license in the first place. Appellant's App. 4-7. Accordingly, The Howard Group fails to meet the requirements necessary to state a claim under RPL § 442-d, and so the complaint was properly dismissed.

### III: Motion to Amend Complaint

The Howard Group finally argues that, even if it failed to state a claim in its complaint, it should have nonetheless been granted an opportunity to amend its complaint. We disagree.

3

"We review the denial of leave to amend a complaint under an abuse of discretion standard. Leave to amend should be freely granted, but the district court has the discretion to deny leave if there is good reason for it, such as futility, bad faith, undue delay, or undue prejudice to the opposing party." *Jin v. Metropolitan Life Ins. Co.*, 310 F.3d 84, 101 (2d Cir. 2002) (internal citations omitted).

Here the District Court clearly provided two "good reason[s]" for denying The Howard Group leave to amend its complaint. First, it noted that "The Howard Group has not submitted a proposed amended complaint in accordance with this District's Local Rule 7.1(a)(4)." *Howard Carr Companies, Inc. v. Cumberland Farms, Inc.*, 359 F.Supp.3d 188, 195 (N.D.N.Y. 2019). Such non-compliance with the Local Rule, in itself, is grounds to deny leave since "[l]ocal rules have the force of law." *Contino v. United States*, 434 F.3d 124, 126 (2d Cir. 2008). Second, the District Court noted that the "plaintiff has not given any meaningful indication that it could correct the pleading defect in a manner consistent with Rule 11(b), which governs representations made [to] the Court." *Howard Carr*, 359 F.Supp.3d at 195. Such a finding of likely futility is reason enough to deny leave to amend. Accordingly, the District Court did not abuse its discretion in dismissing The Howard Group's complaint without giving it an opportunity to correct the complaint's defects.

## CONCLUSION

We have reviewed all of the arguments raised by The Howard Group on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the February 15, 2019 judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk