Fields v Pinkney (2025 NY Slip Op 05667)

Fields v Pinkney

2025 NY Slip Op 05667

Decided on October 15, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 15, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
LARA J. GENOVESI
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2021-06309
 (Index No. 610371/16)

[*1]Paris Fields, et al., appellants, 
v
Shirley Pinkney, etc., et al., respondents.

Hogan & Cassell, LLP, Jericho, NY (Michael Cassell of counsel), for appellants.
Law Offices of Hariri & Crispo, New York, NY (Ronald D. Hariri and Charles Balvin of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (George M. Nolan, J.), dated July 22, 2021. The order, insofar as appealed from, granted those branches of the defendants' motion which were for summary judgment dismissing so much of the second cause of action as alleged that the defendants failed to pay the plaintiffs for certain property management services and the third cause of action.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The defendant Wynema L. Pearson Trust (hereinafter the trust) owned real property located in Brooklyn. The defendants Shirley Pinkney and Wynema L. Pearson were the trustees of the trust. The plaintiffs, Paris Fields, Clifton W. Murdock, and J. Garvin Mecking, Inc., allegedly entered into several agreements with Pinkney on behalf of the defendants, inter alia, to perform renovation work on a residential building located on the property.
Thereafter, the plaintiffs commenced this action against the defendants, inter alia, to recover damages for breach of contract and fraud. The defendants moved, among other things, for summary judgment dismissing so much of the second cause of action, alleging breach of contract, as alleged that the defendants failed to pay the plaintiffs for certain property management services and the third cause of action, alleging fraud. In an order dated July 22, 2021, the Supreme Court, inter alia, granted those branches of the defendants' motion. The plaintiffs appeal.
Pursuant to Real Property Law § 440(1), a real estate broker means, among other things, "any person, firm, limited liability company or corporation, who, for another and for a fee, commission or other valuable consideration, lists for sale, sells, . . . exchanges, buys or rents, or offers or attempts to negotiate a sale, . . . exchange, purchase or rental of an estate or interest in real estate, or collects or offers or attempts to collect rent for the use of real estate." Real Property Law § 442-d provides that "[n]o person . . . shall bring or maintain an action in any court of this state for the recovery of compensation for services rendered . . . in the buying, selling, exchanging, leasing, renting or negotiating a loan upon any real estate without alleging and proving that such person was a duly licensed real estate broker or real estate salesperson on the date when the alleged cause of [*2]action arose" (see Burton v Lucido, 135 AD3d 885, 886).
Here, the Supreme Court did not err in granting that branch of the defendants' motion which was for summary judgment dismissing so much of the second cause of action as alleged that the defendants failed to pay the plaintiffs for certain property management services, including those related to home equity financing, lease generation, rental costs, and rent collection. The plaintiffs failed to allege or prove that they were duly licensed to perform the alleged property management services pursuant to Real Property Law § 442-d. The plaintiffs also failed to raise a triable issue of fact as to whether they did not require a license for the property management services they allegedly provided because those services were incidental to their other responsibilities (see Futersak v Perl, 84 AD3d 1309, 1310; cf. Eaton Assoc. v Highland Broadcasting Corp., 81 AD2d 603, 603).
The Supreme Court also did not err in granting that branch of the defendants' motion which was for summary judgment dismissing the third cause of action, alleging fraud, as duplicative of the breach of contract causes of action (see Matarazzo v Herrmann, 216 AD3d 764, 765-766; Toobian v Toobian, 209 AD3d 907, 909-910).
The plaintiffs' contention that the Supreme Court erred in awarding summary judgment dismissing so much of the second cause of action as alleged that the defendants failed to pay the plaintiffs for certain "miscellaneous work" is not properly before this Court, as the Supreme Court did not grant such relief in the order appealed from.
LASALLE, P.J., GENOVESI, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court