■ PETER D. NICOLLI, as Administrator of the Estate of JAMES NICOLLI, Deceased, Appellant, v. CITY OF NEW YORK et al., Respondents.— Judgment unanimously reversed on the law and on the facts and new trial granted, with $50 costs to appellant to abide the event. The complaint was improperly dismissed at the close of plaintiff's case "for lack of proof sufficient in the law." Such proof, inconclusive as it may have been, was adequate to survive defendants' motion that they were entitled to judgment as a matter of law (CPLR 4401). (Cf. *McCarthy* v. *City of New York*, 96 N. Y. S. 2d 910, affd. 273 App. Div. 945.) Concur — Botein, P. J., McNally, Stevens and Bastow, JJ.

■ HENRY SORICE, Respondent, v. ARTHUR J. DuBois et al., Appellants, et al., Defendants.— Order entered on August 3, 1965 denying defendants' motion for summary judgment dismissing the complaint, unanimously reversed on the law, with $50 costs and disbursements to the appellant, and the motion is granted, with $10 costs. The plaintiff seeks to recover what he terms a finder's fee for the services he claims to have rendered in connection with the sale of the Broadmoor Hotel, located in the City of New York. The defendant defends on several grounds, one of which is that the plaintiff is not a licensed real estate broker or salesman and, therefore, may not maintain this suit. We agree, and in the circumstances need not consider the other defenses raised and must grant judgment for the defendant. Section 442-d of the Real Property Law provides that "No person * * * shall bring * * * an action * * * for the recovery of compensation for services rendered * * * in the buying, selling * * * [of] real estate without alleging and proving that such person was a duly licensed real estate broker or real estate salesman ". We hold that the transaction here involved is a sale of real estate, and since the plaintiff is not properly licensed he may not recover either brokerage commissions or finder's fees. The plaintiff urges that a sale of a hotel is not a sale of real estate within the meaning of the statute, but is really the sale of a business. Of course, " [i]f an item of real estate, or an interest in real estate, is a mere incident or incidental feature of the transaction obviously [Real Property Law, § 442-d] should not apply." (*Dodge* v. *Richmond*, 5 A D 2d 593, 595.) However, " [i]f real estate is going to be the principal element involved in the transaction a broker has to have a license and cannot evade its necessity by referring to the services as originating or introducing or any other fantastic term." (*Baird* v. *Krancer*, 138 Misc. 360, 362, cited with approval in *Dodge* v. *Richmond, supra.*) In the transaction upon which this suit is based, real estate is the principal element involved, and is the dominant feature of the transaction. It is quite apparent that the business of operating a hotel is one that exploits the real estate and the sale involved is really the sale of real estate. In the circumstances, the defendant is entitled to summary judgment as above decreed. Concur — Breitel, J. P., Rabin, Stevens, Steuer and Bastow, JJ.