■ Aviva Levinson, Respondent, v Genesse Associates et al., Appellants.—Order, Supreme Court, New York County (Diane A. Lebedeff, J.), entered on or about December 5, 1990, which, *inter alia,* granted, in part, plaintiff's motion for summary judgment in lieu of complaint to the extent of ordering a hearing to determine whether plaintiff was barred from recovery pursuant to Real Property Law § 442-d, and severed the counterclaims interposed by defendants, is hereby unanimously modified, on the law to deny plaintiff's motion in its entirety and to grant defendants' cross-motion for summary judgment dismissing the action, and otherwise affirmed, with costs. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint, with costs.

Plaintiff moved for summary judgment in lieu of complaint

under CPLR 3213 to recover under a promissory note issued as payment for services purportedly rendered by plaintiff in connection with defendants' purchase of a building located in Utica, New York. Defendants cross-moved for summary judgment upon the ground that plaintiff's recovery is barred pursuant to sections 442-a and 442-d of the Real Property Law.

Plaintiff is a licensed real estate salesperson, and therefore, may not "receive or demand compensation of any kind from any person, other than a duly licensed real estate broker with whom he [or she] associated, for any service rendered * * * in the appraising, buying, selling, exchanging, leasing, renting or negotiating of a loan upon any real estate" (Real Property Law § 442-a). The parties do not dispute that the nature of the underlying transaction with respect to which plaintiff rendered services was the purchase by defendants of a commercial building. That this is so is expressed clearly and unambiguously in the "consulting agreement" upon which plaintiff relies. The fact that plaintiff chose to label her activities in connection with such sale as "consulting" is not determinative. *(See, Sorice v DuBois,* 25 AD2d 521; *Enfeld v Hemmerdinger Estate Corp.,* 34 AD2d 980, 981, *affd* 28 NY2d 606.)* In opposition to defendants' cross-motion for summary judgment, plaintiff was required to reveal and lay bare her proofs *(see, Corcoran Group v Morris,* 107 AD2d 622, *affd* 64 NY2d 1034). Plaintiff has not even alleged, let alone demonstrated that the underlying transaction was actually more than a straightforward purchase of real property *(cf., Myer v Jova Brick Works,* 38 AD2d 615), or that the services purportedly rendered by her were for any purpose other than to facilitate defendants' purchase *(cf., Gerstein v 532 Broad Hollow Rd. Co.,* 75 AD2d 292). Accordingly, plaintiff is barred from recovery, and defendants' cross-motion should have been granted.

We find no abuse of discretion, however, in the Court's determination to sever defendants' counter-claims. Concur— Murphy, P. J., Wallach, Asch, Kassal and Smith, JJ.