■ DAN PANARELLO, Plaintiff, v JOHN A. SEGALLA, Appellant, and FRANK VINCHIARELLO, Respondent. [775 NYS2d 360]—

In an action, inter alia, to recover a real estate broker's commission, the defendant John A. Segalla appeals from a judgment of the Supreme Court, Dutchess County (Pagones, J.), entered August 12, 2002, which, after a nonjury trial, is in favor of the defendant Frank Vinchiarello on his cross claim to recover damages for breach of contract and against him in the principal sum of $500,000.

Ordered that the judgment is reversed, on the law and the facts, with costs payable by the defendant Frank Vinchiarello, and the cross claim alleging breach of contract is dismissed.

In June 1995 the defendant John Segalla entered into an agreement (hereinafter the Agreement) with Frank Vinchiarello, pursuant to which Vinchiarello agreed to use his best efforts to find a buyer for the Segalla Country Club (hereinafter the Country Club) which included "700+ acres" of land in Dutchess County. The Agreement provided that Vinchiarello was to be paid the sum of 5% of the gross selling price. Thereafter, Vinchiarello approached Dan Panarello, a real estate agent, and inquired if he had any clients interested in buying the property. Panarello introduced Vinchiarello to Frank Zarro, a potential purchaser. Vinchiarello then introduced Zarro to Segalla and his attorney, William Florence. Later, Segalla and Zarro entered into a real estate purchase and sale contract (hereinafter the contract of sale). Eventually, ownership of approximately 640 acres, including the Country Club, was transferred to Zarro for $14,250,000. Vinchiarello and Panarello agreed to split a flat $500,000 fee, instead of a percentage of the sale price. However, Segalla withheld payment from Vinchiarello and Panarello.

Panarello commenced an action against Vinchiarello and Segalla to recover his real estate broker's commission. Vinchiarello brought a cross claim against Segalla for breach of

the Agreement, seeking to recover his consultant's fee. The cross claim is the subject of this appeal. After a nonjury trial, the Supreme Court granted the cross claim and awarded Vinchiarello judgment in the principal sum of $500,000. The court found, inter alia, that transfer of the real estate upon which the Country Club was located was not the dominant feature of the transaction. Thus, Vinchiarello, who was not a real estate broker, was entitled to collect a fee.

Real Property Law § 440 (1) defines a real estate broker as anyone who "lists for sale, sells . . . exchanges, buys or rents, or offers or attempts to negotiate a sale . . . or interest in real estate." Where the dominant feature of the transaction at issue is the transfer of real property, one who does not have a real estate broker's license is barred from collecting a fee for endeavors in the nature of brokerage services (*see* Real Property Law § 442-d; *Berg v Wilpon*, 271 AD2d 629 [2000]; *G.C. Fortune Mgt. Co. v Stockade Mobile Home Park*, 246 AD2d 739, 741 [1998]; *Levinson v Genesse Assoc.*, 172 AD2d 400, 401 [1991]; *Sorice v Du Bois*, 25 AD2d 521 [1966]; *Kislak, Inc. v Carol Mgt. Corp.*, 7 AD2d 428, 431 [1959]).

The record herein demonstrates that the dominant feature of the transaction under review was not the sale of a Country Club business, but rather the transfer of valuable real estate. The very fact that the entire property consisted of approximately 640 acres whereas the Country Club, including the golf course, occupied only 170 acres thereof, indicates that real estate was the primary asset involved in this transaction. Indeed, the contract of sale itself neither makes any specific reference to the sale of a business, nor does it apportion any part of the total purchase price for sale of the Country Club business. All the schedules to the contract of sale that pertain to a business such as for "group bookings" and "personal property" were left blank. Furthermore, the real property transfer tax return, which was filed in conjunction with the contract of sale, does not indicate that the "Sale of [a] Business is included in Sale Price" even though such information is required to be disclosed on the return. Indeed, the return lists the value of personal property included in the sale at zero.

Another documentary circumstance that this was a real estate transaction is found in the Agreement which defines the "business" to be sold solely in terms of real property: "real estate and property . . . consisting of 700+ acres together with improvements." The "business plan" which Vinchiarello prepared in connection with the marketing of the Country Club emphasized the undeveloped real estate potential of the transaction.

Perhaps most telling is the fact that Vinchiarello himself testified that the final negotiations leading up to the sale included discussion as to how much total acreage would be included in the deal. Indeed, Vinchiarello stated that when he "was negotiating a selling price," it was first necessary to determine "if Mr. Segalla would be willing to add sixty-eight acres across Route 44 that we always referred to as the loop property." Such testimony indicates that the sale was brought to fruition based upon the amount of real estate involved, and not because of the nature of the Country Club business. In fact, at the time that Vinchiarello and the proposed buyer "were getting very close [to a deal]," the only elements discussed were price and acreage. This testimony also demonstrates that Vinchiarello, contrary to the Supreme Court's finding, was engaged in negotiations for the sale of real property (*see* Real Property Law § 440 [1]; *Berg v Wilpon, supra*). Finally, Vinchiarello himself never showed what his activities were in selling the business in contrast to the real property.

Accordingly, since the dominant feature of the sale under review was its real estate, and since Vinchiarello was not a licensed real estate broker, he was not entitled to recover a fee for his services. Santucci, J.P., Schmidt, Adams and Crane, JJ., concur.