■ HAMID KAVIAN, Appellant, v VERNAH HOMES COMPANY, Respondent. [799 NYS2d 75]—

In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Queens County (Dollard, J.), dated August 20, 2004, which granted the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7).

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

For value received from the plaintiff, Hamid Kavian, nonparty Dubra & Dubra Realty, Inc. (hereinafter Dubra Realty), assigned to him the right to the sum of $62,500 due it pursuant to a commission agreement between it and the defendant, Vernah Homes Company (hereinafter Vernah Homes). The commission was due to Dubra Realty upon the closing of title to two parcels of real property. The commission agreement was assigned to Kavian after all real estate services were provided by Dubra Realty, but before the closing of title. Upon the closing, Vernah Homes refused to pay Kavian the $62,500. Kavian commenced this action against Vernah Homes to recover damages for breach of contract. Vernah Homes moved to dismiss the complaint as barred by Real Property Law §§ 442 and 442-d. The Supreme Court granted the motion and dismissed the complaint. We reverse.

Real Property Law § 442-d bars an unlicensed person from recovering commissions if that person has performed services facilitating, inter alia, the sale of real property (*see Galbreath-Ruffin Corp. v 40th & 3rd Corp.*, 19 NY2d 354, 362 [1967]; *Kreuter v Tsucalas*, 287 AD2d 50, 54 [2001]; *Berg v Wilpon*, 271 AD2d 629 [2000]). The purpose of the licensing requirement under the Real Property Law is to protect the public from inept, inexperienced, or dishonest persons who might perpetrate or aid in the perpetration of fraud (*see Galbreath-Ruffin Corp. v 40th & 3rd Corp., supra* at 362-363; *Kreuter v Tsucalas, supra* at 54-55; *Rogovin v Bach Realty*, 147 AD2d 364, 365 [1989]; *Eaton Assoc. v Highland Broadcasting Corp.*, 81 AD2d 603, 604 [1981]; *Dodge v Richmond*, 5 AD2d 593, 595 [1958]).

This action by Kavian is not one to recover compensation for services rendered by him, inter alia, in connection with the sale

of real property. He never held himself out as a real estate broker or salesman and did not perform any acts in violation of the licensing provisions of the Real Property Law. Kavian had no involvement whatsoever in the sale of real property to Vernah Homes. Rather, Kavian simply seeks to recover the sums due under the commission agreement between Dubra Realty and Vernah Homes for the real estate services Dubra Realty rendered to Vernah Homes, which was assigned to Kavian for value. Under the circumstances of this case, Kavian's complaint need not contain an allegation that Kavian was a duly-licensed real estate broker, since he never purported to be one and never rendered any real estate services. If any such allegation was required, it would have to concern Dubra Realty, the entity that actually provided the real estate services which are the subject of the commission agreement, and Kavian's complaint contains such an allegation. The complaint states that Dubra Realty "was and is a duly licensed real estate broker and all real estate brokerage services were performed by Dubra & Dubra Realty at or prior to September 9, 1999." The licensing requirement for real estate brokers is intended to protect the public from inept, inexperienced, or dishonest persons, and the goals sought to be achieved by it would not be promoted by extending its reach to bar Kavian's action to recover damages for breach of contract.

Moreover, the assignment of the commission agreement to Kavian does not constitute a "splitting" of the real estate commission in violation of Real Property Law § 442, which prohibits the payment of any part of a fee, commission, or other compensation received by a broker to any person for any service, help, or aid rendered in the sale of real property. Kavian did not provide any service, help, or aid in the real estate transaction.

Finally, the right to receive the sums due under the commission agreement was assigned to Kavian, for value, after the real estate services were rendered by Dubra Realty. The fact that the closing occurred after the assignment of the commission agreement is irrelevant in the case at bar (*see Sibbald v Bethlehem Iron Co.*, 83 NY 378, 382 [1881]; *Mavco Realty Corp. v M. Slayton Real Estate, Inc.*, 12 AD3d 575, 577 [2004]; *Bersani v Basset*, 184 AD2d 996, 998 [1992]). H. Miller, J.P., Goldstein, Crane and Skelos, JJ., concur.