**KENTUCKY REAL ESTATE COMMISSION; Lois Disponett; Arvel McMahan; Delbert Perry; Michael E. Plummer; and Ron Smith, Appellants**

v.

**HILLIARD FINANCIAL, LLC, d/b/a Commission Express; and Commission Express National, Inc., Appellees.**

No. 2007–CA–000861–MR.

Court of Appeals of Kentucky.

Feb. 15, 2008.

Geraldine Lee B. Harris, General Counsel, Kentucky Real Estate Commission, Louisville, KY, for Appellant.

Jan M. West, Jennifer K. Luhrs, Goldberg Simpson PSC, Louisville, KY, for Appellee.

Before LAMBERT and VANMETER, Judges; KNOPF,[1] Senior Judge.

## ·OPINION

LAMBERT, Judge.

The Kentucky Real Estate Commission appeals a declaratory judgment holding that the cash-advance business of Hillard Financial (d/b/a Commission Express) and Commission Express National, Inc., does not violate Kentucky's Real Estate Code. For the reasons herein, we affirm the judgment below.

### Commission Express's Business Model

Commission Express is in the business of providing cash advances to real estate agents who have commissions pending from real estate transactions. In return for the advance, Commission Express takes an assignment of the agent's pending commission as well as a percentage of that commission. Commission Express characterizes its business as "factoring," while one court has characterized it as a straight-forward consumer-lending business. *Decision Point, Inc. v. Reece & Nichols Realtors, Inc.*, 282 Kan. 381, 144 P.3d 706, 710–11 (2006).

### Case and Controversy

After a lengthy period of consideration, the Real Estate Commission sent a cease and desist letter to Commission Express asserting that its cash-advance business violates KRS 324.020(4) and KRS 324.160(4). The Real Estate Commission, however, did not immediately exercise its power under KRS 324.020(6) to seek an injunctive remedy but instead agreed to delay enforcement of its cease and desist letter pending resolution of the present declaratory judgment action. In this action, Commission Express has petitioned for declaratory judgment on the questions of whether its business model violates either KRS 324.020(4) or KRS 324.160(4).

### Standard of Review

In its brief, the Real Estate Commission suggests that we should give deference to its construction of the Real Estate Code pursuant to the case of *American Beauty Homes Corp. v. Louisville and Jefferson County Planning and Zoning Commission*, 379 S.W.2d 450, 456 (Ky.1964), which holds that courts should review agency

1. Senior Judge William L. Knopf, sitting as Special Judge by Assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

actions solely for arbitrariness. But we are not reviewing a formal action, decision, rule, or opinion taken or issued by the Real Estate Commission, as it has agreed to lift its cease and desist order pending the present declaratory judgment action. Rather, we have been asked to review the Real Estate Code *ab initio* to ascertain whether Commission Express's business model contravenes it. *See* KRS 418.020 (allowing declaratory adjudications when an actual controversy exists). Consequently, we agree with the circuit court that we should review the Real Estate Code *de novo*, "so as to effectuate the plain meaning and unambiguous intent expressed in the law." *Bob Hook Chevrolet Isuzu, Inc., v. Commonwealth, Transportation Cabinet*, 983 S.W.2d 488, 492 (Ky. 1998).

### Analysis

#### I.

■ The first question presented is whether Commission Express's business model violates the Real Estate Code's provision prohibiting real-estate agents from splitting commissions. *See* KRS 324.020(4). The Real Estate Commission asserts that an agent's assignment of a pending commission to an entity such as Commission Express constitutes commission splitting. But, we are persuaded to the contrary by *Kavian v. Vernah Homes Co.*, 19 A.D.3d 649, 651, 799 N.Y.S.2d 75 (N.Y.2005), the only reported case on point.

In *Kavian*, the court held that the assignment of a pending real estate commission in exchange for a cash advance does not involve commission splitting because the agent and the assignee's claims to the commission are supported by separate and distinct consideration. In the case at bar, Commission Express receives assignment of a pending commission in consideration of its own cash advance to a real estate agent, who in turn receives the commission

in consideration of his own services rendered as a real estate agent. Because both the earning of the commission and its assignment are supported by discrete and valuable consideration, we agree with *Kavian* and hold that Commission Express's business model does not entail commission splitting. *See Id.* (construing New York analog of Kentucky Real Estate Code).

#### II.

■ The second question presented is whether Commission Express's business model violates KRS 324.160(4)(f), which provides that "[t]he [Real Estate] [C]ommission shall impose sanctions ... against a licensee for ... [a]ccepting valuable consideration for the performance of any of the acts specified in this chapter, from any person, except from his or her principal broker in accordance with a compensation agreement between them." We agree with the circuit court that, although an agent receives a cash advance from Commission Express under Commission Express's business model, that cash advance is not received in "consideration for the performance of any acts specified in [the Real Estate Code]" but rather is more akin to a consumer loan. *See Decision Point, Inc. v. Reece & Nichols Realtors, Inc.*, 282 Kan. 381, 144 P.3d 706, 710–11 (2006) (characterizing Commission Express's business model as a consumer-lending business). Thus, we hold that Commission Express's business model is not in conflict with KRS 324.160(4).

Moreover, we are unpersuaded by the Real Estate Commission's reliance on the decision in *Decision Point, Inc. v. Reece & Nichols Realtors, Inc.*, 282 Kan. 381, 144 P.3d 706, 712 (2006), that Commission Express's business model violates the Uniform Consumer Credit Code as adopted by Kansas. Here, we have only been asked to review whether Commission Express's business model violates the Real Estate

Code, not any applicable lending laws. That question is simply not before us. Consequently, the decision in *Decision Point* is not on point here, and the Real Estate Commission's reliance upon it is misplaced.

### III.

Finally, we agree with the circuit court that, because we have addressed the questions presented in the petition for declaratory judgment and determined that Commission Express's business model does not conflict with the Real Estate Code, we need and do not reach Commission Express's additional argument that the Uniform Commercial Code protects its business model notwithstanding any other legal provision to the contrary.

### Conclusion

For the foregoing reasons, we affirm the declaratory judgment of the Jefferson Circuit Court.

ALL CONCUR.