■ NEWMARK & COMPANY REAL ESTATE INC., Appellant, v 2615 EAST 17 STREET REALTY LLC, Respondent, and WILK REAL ESTATE I, LLC, et al., Intervenors-Respondents. [914 NYS2d 162]—

Order, Supreme Court, New York County (Joan M. Kenney, J.), entered April 16, 2010, which, insofar as appealed from, in this action alleging a breach of contract, denied plaintiff's motion for summary judgment, unanimously reversed, on the law, with costs, and the motion granted in the principal amount of

$124,415, plus interest from June 25, 2009. The Clerk is directed to enter judgment accordingly. Appeal from order, same court and Justice, entered April 15, 2010, which granted the motion of Wilk Real Estate I, LLC and Albert Wilk to intervene, unanimously dismissed, without costs, as academic.

In the lease between defendant, as the landlord, and nonparty tenant, which was brought into the transaction by plaintiff broker, the subscribing parties represented that plaintiff was the exclusive broker for the transaction and that defendant would pay its commission. This clear representation, which was supported by additional documentary evidence, entitled plaintiff to its commission as a matter of law (*Morris Cohon & Co. v Russell*, 23 NY2d 569, 574-575 [1969]; *Helmsley-Spear, Inc. v New York Blood Ctr.*, 257 AD2d 64 [1999]). We reject defendant's claim that the relevant provision does not mean what it says, but resulted from a scrivener's error (*see Edward S. Gordon Co. v Blodnick, Schultz & Abramowitz*, 150 AD2d 212 [1989], *lv denied* 74 NY2d 613 [1989]).

Although defendant did not sign the separate brokerage agreement proffered by plaintiff setting forth the details of its commission, that fact is not fatal either under the statute of frauds or as to enforceability. Several e-mail communications, supported by other documentary evidence, reflected that plaintiff and defendant were in regular contact negotiating the lease and, when the parties appeared close to agreeing to the lease terms, plaintiff e-mailed defendant a draft brokerage agreement, setting forth, inter alia, the particular commission that had been discussed. Plaintiff invited defendant's revisions and defendant sent back, also by e-mail, handwritten revisions, which did not modify the commission, but only provided that it would be paid in specified increments. Plaintiff incorporated those revisions and sent the final copy back to defendant's agent, and the record contains no evidence that defendant objected to, protested, or rejected any of the provisions in the last version of the agreement.

An e-mail sent by a party, under which the sending party's name is typed, can constitute a writing for purposes of the statute of frauds (*see* General Obligations Law § 5-701 [b] [4]; *Stevens v Publicis S.A.*, 50 AD3d 253, 255-256 [2008], *lv dismissed* 10 NY3d 930 [2008]). Defendant does not dispute its authorship of the e-mails, nor that they were sent by its agent, and contrary to defendant's claims, there is no evidence that it rejected the final e-mail sent by plaintiff, which incorporated defendant's revisions. The e-mail agreement set forth all relevant terms of the agreement, including the particular commis-

sion charged by plaintiff, and thus, constituted a meeting of the minds (cf. *Naldi v Grunberg*, 80 AD3d 1, 13-14 [2010]).

In view of the foregoing, plaintiff's challenges to the order granting the motion to intervene are academic. Concur—Tom, J.P., Sweeny, Freedman, Richter and Abdus-Salaam, JJ.