SAM FUTERSAK, Respondent, v SHELDON PERL, Also Known as SHLOIME PERL, et al., Appellants. [923 NYS2d 728]—

In an action, inter alia, to recover damages for breach of contract, the defendants appeal from (1) an order of the Supreme Court, Nassau County (Warshawsky, J.), dated March 25, 2010, which denied their motion for summary judgment dismissing the complaint and granted the plaintiff's cross motion for summary judgment on its cause of action alleging breach of contract, and (2) a judgment of the same court (Schellace, R.), entered July 14, 2010, which, upon the order, and upon the parties' stipulation on damages, is in favor of the plaintiff and against them in the principal sum of $109,197.91.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the defendants' motion for summary judgment dismissing the complaint is granted, the plaintiff's cross motion for summary judgment on its cause of action alleging breach of contract is denied, the order is modified accordingly, and the complaint is dismissed; and it is further;

Ordered that one bill of costs is awarded to the defendants.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the

order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

On January 6, 2004, the plaintiff, who does not have a real estate broker's license, entered into an agreement with the defendant Sheldon Perl, also known as Shloime Perl, pursuant to which he was entitled to a "finders fee" of 15% of any net profit realized from Perl's purchase and sale, or "flip," of a certain parcel of real property. Perl then formed a limited liability company, the defendant 700 Rockaway, LLC, which entered into a contract with the seller of the property and ultimately obtained title. Although the property was resold for a profit shortly after title was obtained, payment was withheld from the plaintiff.

The plaintiff commenced this action against Perl and 700 Rockaway, LLC (hereinafter together the appellants), inter alia, to recover damages for breach of contract. The appellants moved for summary judgment, contending that, pursuant to Real Property Law § 442-d, the plaintiff was not entitled to bring or maintain the action without proving that he was a duly licensed real estate broker on the date the cause of action allegedly arose. The plaintiff cross-moved for summary judgment, asserting, inter alia, that Real Property Law § 442-d was not applicable under the circumstances of this case.

The Supreme Court denied the appellants' motion and granted the plaintiff's cross motion. The Supreme Court concluded that Real Property Law § 442-d did not apply to the plaintiff's services with respect to the subject property, that the plaintiff had established a prima facie case for breach of contract, and that the defendants had failed to raise a triable issue of fact with respect to that cause of action. A judgment regarding damages was subsequently entered. We reverse.

It is undisputed that the plaintiff was not a licensed real estate broker or salesperson on the date the cause of action allegedly arose. In support of their motion for summary judgment upon the ground that the plaintiff's recovery is barred pursuant to Real Property Law § 442-d, the appellants demonstrated that the subject property was the dominant feature of the transaction at issue and that the plaintiff was attempting to collect a fee for services facilitating the purchase and sale of that property (see Real Property Law § 440 [1]; § 442-d; *Kavian v Vernah Homes Co.*, 19 AD3d 649, 650 [2005]; *Panarello v Segalla*, 6 AD3d 515, 516 [2004]; *Berg v Wilpon*, 271 AD2d 629, 629 [2000]).

In opposition, the plaintiff failed to submit evidence sufficient to require a trial of any issue of fact (see generally *Zuckerman v*

*City of New York*, 49 NY2d 557 [1980]). He did not assert, let alone demonstrate, that the underlying transaction was anything more than the purchase and sale of real property, or that the services rendered were for any purpose other than facilitating that purchase and sale (*see Sorice v Du Bois*, 25 AD2d 521 [1966]; *Levinson v Genesse Assoc.*, 172 AD2d 400, 400 [1991]; *cf. Weingast v Rialto Pastry Shop.*, 243 NY 113, 116 [1926]; *Reiter v Greenberg*, 21 NY2d 388, 392 [1968]; *Eaton Assoc. v Highland Broadcasting Corp.*, 81 AD2d 603, 604 [1981]). Real Property Law § 442-d provides that "[n]o person . . . shall bring or maintain an action in any court of this state for the recovery of compensation for services rendered . . . in the buying, selling, exchanging, leasing, renting or negotiating a loan upon any real estate without alleging and proving that such person was a duly licensed real estate broker or real estate salesman on the date when the alleged cause of action arose." Contrary to the Supreme Court's conclusion, this prohibition applies even if the services rendered are characterized as those of a "finder" (*see Dodge v Richmond*, 5 AD2d 593, 595-596 [1958]; *Sorice v Du Bois*, 25 AD2d at 521; *Real Estate Strategies, Ltd v Arlington Realty Group, LLC*, 2010 NY Slip Op 32296[U] [2010]; *Feldbau v Klarnet*, 109 Misc 2d 32, 35-36 [1981]).

As the plaintiff is barred from recovery, the appellants' motion for summary judgment dismissing the complaint should have been granted and the plaintiff's cross motion for summary judgment on its cause of action alleging breach of contract should have been denied. Rivera, J.P., Balkin, Lott and Austin, JJ., concur. **[Prior Case History: 27 Misc 3d 897.]**