■ LING's PROPERTIES, LLC, Appellant, v MICHAEL J. BODE et al., Respondents. [942 NYS2d 194]—

In an action, inter alia, for a judgment declaring that the defendants are not entitled to compensation arising from a contract between the defendant Gnosis VII, LLC, and the plaintiff, and to recover damages pursuant to Real Property Law § 442-e, the plaintiff appeals from an order of the Supreme Court, Nassau County (Woodard, J.), dated April 7, 2011, which denied its motion for summary judgment.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the plaintiff's motion which was for summary judgment declaring that the defendant Gnosis VII, LLC, is not entitled to compensation arising from its contract with the plaintiff and substituting therefor a provision granting that branch of the plaintiff's motion, and (2) by deleting the provision thereof denying that branch of the plaintiff's motion which was for summary judgment on the issue of liability on so much of the complaint as alleged a violation of Real Property Law § 442-e insofar as asserted against the defendant Gnosis VII, LLC, and substituting therefor a provision granting that branch of the motion; as so modified, the

order is affirmed, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Nassau County, for a determination of the damages to which the plaintiff is entitled under Real Property Law § 442-e and, thereafter, for the entry of a judgment, inter alia, declaring that the defendant Gnosis VII, LLC, is not entitled to compensation arising from its contract with the plaintiff.

The plaintiff entered into a contract with the defendant Gnosis VII, LLC (hereinafter Gnosis), for certain services designed to enable the plaintiff to acquire certain real property. Thereafter, the plaintiff commenced this action, inter alia, for a judgment declaring that Gnosis and its sole managing member, the defendant Michael J. Bode, are not entitled to compensation arising from the contract and to recover damages pursuant to Real Property Law § 442-e based upon the alleged receipt of a commission or fee for brokerage services without a license. The plaintiff moved for summary judgment and the Supreme Court denied the motion.

Real Property Law § 442-d bars unlicensed persons and corporate entities from recovering fees or commissions for the performance of services facilitating, inter alia, the sale of real property (*see* Real Property Law §§ 442-d, 442-e; *Mavco Realty Corp. v M. Slayton Real Estate, Inc.*, 38 AD3d 726, 727 [2007]). Here, it is undisputed that Gnosis was not a licensed real estate broker, and the plaintiff demonstrated, prima facie, that the acquisition of real property was the dominant feature of the contract at issue and that Gnosis charged a fee for services facilitating the purchase and sale of the property (*see* Real Property Law § 440 [1]; § 442-d; *Kavian v Vernah Homes Co.*, 19 AD3d 649, 650 [2005]; *Panarello v Segalla*, 6 AD3d 515, 515-516 [2004]; *Berg v Wilpon*, 271 AD2d 629 [2000]). Although Bode was a licensed real estate broker, Gnosis, an unlicensed LLC, was nonetheless barred from receiving a commission or fee for services in the nature of brokerage services (*see* Real Property Law § 442-d; *Sharon Ava & Co. v Olympic Tower Assoc.*, 259 AD2d 315, 316 [1999]; *Philip Mehler Realty v Kayser*, 176 AD2d 104 [1991]).

In opposition to the plaintiff's motion, the defendants failed to submit evidence sufficient to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557 [1980]). The defendants did not demonstrate that the acquisition of real property was merely incidental to the underlying transaction or that the services rendered were for any purpose other than facilitating the acquisition of real property (*see* Real Property Law § 440; *Futersak v Perl*, 84 AD3d 1309, 1310-1311 [2011];

*Salzano v Pellillo*, 4 AD2d 789, 790 [1957]; *cf. Weingast v Rialto Pastry Shop.*, 243 NY 113, 117 [1926]; *Eaton Assoc. v Highland Broadcasting Corp.*, 81 AD2d 603, 604 [1981]).

The parties' remaining contentions are without merit.

Accordingly, the Supreme Court should have granted those branches of the plaintiff's motion which were for summary judgment declaring that Gnosis is not entitled to compensation arising from the contract and on the issue of liability on so much of the complaint as alleged a violation of Real Property Law § 442-e insofar as asserted against Gnosis.

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Nassau County, for a determination of the damages to which the plaintiff is entitled under Real Property Law § 442-e and, thereafter, for the entry of a judgment, inter alia, declaring that Gnosis is not entitled to compensation arising from its contract with the plaintiff (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Skelos, J.P., Eng, Belen and Cohen, JJ., concur.