14-679-cv
*The PrinceRidge Group LLC v. Oppidan, Inc.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of January, two thousand fifteen.

PRESENT:    RALPH K. WINTER,
            JOSÉ A. CABRANES,
            REENA RAGGI,
                    *Circuit Judges.*

---

THE PRINCERIDGE GROUP LLC,

      *Plaintiff-Appellant,*

          v.

OPPIDAN, INC.,

      *Defendant-Appellee.*

No. 14-679-cv

---

**FOR PLAINTIFF-APPELLANT:**      LEO V. LEYVA, (Jed M. Weiss, *on the brief*), Cole, Schotz, Meisel, Forman & Leonard, P.A., New York, NY.

**FOR DEFENDANT-APPELLEE:**      JEAN CLAUDE MAZZOLA, Messner Reeves LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Alison J. Nathan, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Investment bank Plaintiff The PrinceRidge Group LLC ("PrinceRidge") appeals from the February 4, 2014 award of summary judgment in favor of real estate developer defendant Oppidan, Inc. ("Oppidan") on New York State law claims for breach of contract and breach of the implied covenant of good faith and fair dealing stemming from Oppidan's failure to pay PrinceRidge a 1.875% "Success Fee" for its advisory services in connection with Oppidan's sale of $100 million in real property.

We review a grant of summary judgment *de novo*, viewing the facts "in the light most favorable to the non-moving party and draw[ing] all reasonable inferences in that party's favor." *Cox v. Warwick Valley Cent. Sch. Dist.*, 654 F.3d 267, 271 (2d Cir. 2011). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks omitted).

This appeal turns on whether the services rendered by PrinceRidge are covered under New York Real Property Law § 442-d, which states that

> [n]o person, copartnership, limited liability company, or corporation shall bring or maintain an action . . . for the recovery of compensation for services rendered . . . in the buying, selling, exchanging, leasing or negotiating a loan upon any real estate without alleging and proving that such person was a duly licensed real estate broker or real estate salesman on the date when the alleged cause of action arose.

N.Y. Real Prop. Law § 442-d. New York courts have construed this provision to apply where "the dominant feature of the transaction at issue is the transfer of real property." *Panarello v. Segalla*, 6 A.D.3d 515, 516 (2d Dep't 2004) (citing N.Y. Real Prop. Law § 442-d).

Here, there is no genuine dispute that the dominant feature of the relevant transaction—Oppidan's sale of real properties—was the transfer of real property. Moreover, there is no genuine dispute that the services provided by PrinceRidge, which was not a licensed real estate broker or salesman on the date the alleged causes of action arose,[1] were in the nature of brokerage services, even if we accept PrinceRidge's claim that its role was that of a "finder," rather than a "broker." *See Kaspi v. Wainstein*, 116 A.D.3d 412, 412 (1st Dep't 2014) (holding that § 442-d bars action "if the money sought or any portion thereof is for a finder's or broker's fee and he did not have a broker's

---

[1] New York law defines a "real estate broker" as, *inter alia*, a person or entity "who, for another and for a fee, commission or other valuable consideration, lists for sale, sells . . . exchanges, buys or rents, or offers or attempts to negotiate a sale . . . exchange, purchase or rental of an estate or interest in real estate . . . ." N.Y. Real Prop. Law § 440(1). A "real estate salesman" is simply a person associated with a licensed real estate broker. *See id.* § 440(3).

2

or salesman's license"); *Futersak v. Perl*, 84 A.D.3d 1309, 1311 (2d Dep't 2011) (Section 442-d's bar against seeking a commission without a broker's license "applies even if the services rendered are characterized as those of a 'finder'"); *Sorice v. DuBois*, 25 A.D.2d 521 (1st Dep't 1966) ("If real estate is going to be the principal element involved in the transaction a broker has to have a license and cannot evade its necessity by referring to the services as originating or introducing or any other fantastic term.") (citation omitted).[2]

Although the N.Y. Court of Appeals has not squarely decided a case applying § 442-d to such a context, the intermediate appellate courts cases cited above are "not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." *DiBella v. Hopkins*, 403 F.3d 102, 112 (2d Cir. 2005); *see also Comm'r v. Estate of Bosch*, 387 U.S. 456, 465 (1967) (even though the decisions of lower state courts are not controlling "where the highest court of the State has not spoken on the point," such decisions "should be attributed some weight") (internal quotation marks omitted). Because there is no basis for concluding that the N.Y. Court of Appeals would interpret the requirements of § 442-d differently than the intermediate state appellate courts, the District Court properly concluded that § 442-d barred PrinceRidge's suit against Oppidan.

## CONCLUSION

We have considered all of the arguments raised by PrinceRidge on appeal and find them to be without merit. For the reasons stated above, we **AFFIRM** the District Court's February 4, 2014 judgment.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] PrinceRidge relies on *Northeast General Corp. v. Wellington Advertising, Inc.*, 82 N.Y.2d 158, 162 (1993) for the claim that "a finder is not a broker, although they perform some related functions." However, the issue in *Northeast General* was whether a finder-seller agreement for the sale of a *business* created a fiduciary relationship. The Court concluded that it did not and, in so concluding, distinguished between finders and brokers. As the caselaw above makes clear, however, when it comes to the sale of real property, New York courts do not distinguish between "finders" and "brokers"—both are covered by New York Real Property Law § 442-d, so long as the dominant feature of a transaction at issue is the transfer of real property.

3