227 W. 61st Assoc., LLC v Walsam 61 LLC (2020 NY Slip Op 07693)





227 W. 61st Assoc., LLC v Walsam 61 LLC


2020 NY Slip Op 07693


Decided on December 22, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 22, 2020

Before: Acosta, P.J., Oing, Scarpulla, Mendez, JJ. 


Index No. 657076/17 Appeal No. 12723 Case No. 2019-05540 

[*1]227 West 61st Associates, LLC, Plaintiff-Respondent,
v
Walsam 61 LLC, et al., Defendants-Appellants.


Kudman Trachten Aloe Posner LLP, New York (Paul H. Aloe and David N. Saponara of counsel), for appellants.
Herrick, Feinstein LLP, New York (Scott E. Mollen of counsel), for respondent.



Judgment, Supreme Court, New York County (Joel M. Cohen, J.), entered December 16, 2019, awarding plaintiff the sum of $632,736.63 plus prejudgment interest of $161,477.86, for a total of $794,214.49, and decreeing that § 5.11 of the Limited Liability Company Operating Agreement of 61 Owner LLC dated August 5, 2005, was unambiguous and that plaintiff was entitled to a minimum of 25% of any leasing commission payable by 61 Owner LLC to property manager (as defined therein) on any extension or restructuring of the existing lease, or in connection with any other lease as defined and set forth therein, and bringing up for review an order, same court and Justice, entered November 19, 2019, insofar as it granted plaintiff's motion for summary judgment on its breach of contract claim and for a declaratory judgment, unanimously affirmed, with costs.
The court properly concluded that § 5.11(b) of the Operating Agreement was clear and unambiguous and entitled plaintiff to "not less than" 25% of the leasing commission paid to the property manager in connection with the 2016 lease extension. The plain language of this provision did not limit plaintiff's right to receive this minimum fee only if plaintiff was "involved" in the 2015 lease extension (see WWW Assoc. v Giancontieri, 77 NY2d157, 162 [1990]).
The court also correctly rejected defendants' assertion that plaintiff sued the wrong parties. The Operating Agreement provided that the members agreed to its terms; defendant Walsam was a member of the entity and Berley executed the Agreement on its behalf as its manager.
Real Property Law §442 is not an impediment to plaintiff's receipt of the fee due under § 5.11(b) of the Operating Agreement, because the parties agreed that plaintiff played no role in the 2016 lease extension transaction and did not perform services or render aid to the Property Manager. RPL § 442, which bars an unlicensed broker from collecting a commission, was enacted to protect the public from inept, inexperienced or dishonest persons who might aid in the perpetration of fraud (see City Ctr. Real Estate Inc. v Berger, 39 AD3d 267, 268 [1st Dept 2007], lv denied 9 NY3d 814 [2007]. Here, plaintiff does not seek to collect a commission from unlicensed brokerage services. Instead, it properly seeks payment due under the Operating Agreement (see Kavian v Vernah Homes Co., 19 AD3d 649, 650-651 [2d Dept 2005]).
The court providently exercised its discretion in granting the declaratory relief because it will have an immediate effect of influencing the conduct of the parties and is
not advisory (see Estate of Calderwood v ACE Group Intl. LLC, 157 AD3d 190, 197 [1st Dept 2017], lv dismissed 31 NY3d 1111 [2018]).
We have considered defendants' remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 22, 2020