Izhaky v Izhaky (2023 NY Slip Op 02178)

Izhaky v Izhaky

2023 NY Slip Op 02178

Decided on April 27, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 27, 2023

Before: Renwick, A.P.J., González, Kennedy, Higgitt, JJ. 

Index No. 654157/21 Appeal No. 116-117 Case No. 2022-03937 2022-04286 

[*1]Dan Izhaky Also Known as Daniel Izhaky, Plaintiff-Appellant,
v
Nina Izhaky et al., Defendants-Respondents. 

Philip A. Greenberg, P.C., New York (Philip A. Greenberg of counsel), for appellant.
Mantel McDonough Riso, LLP, New York (Gerard A. Riso of counsel), for Nina Izhaky, respondent.
Otterbourg P.C., New York (Adam C. Silverstein of counsel), for Rockledge Properties, LLC, respondent.

Judgment, Supreme Court, New York County (Michael L. Katz, J.), entered September 26, 2022, dismissing the complaint with prejudice, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered on or about June 13, 2022, which granted defendants' motions to dismiss the complaint with prejudice, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Plaintiff husband commenced this action for fraud and related claims, negligent misrepresentation, conspiracy, and fraud on the court, in connection with defendants' purported actions during the related matrimonial action (Izhaky v Izhaky, Sup Ct, New York County, Katz, J., index No. 307951/2011). However, the causes of action fail to sufficiently allege the existence of reasonable or justifiable reliance, a material element of any fraud or negligent misrepresentation claim (see Oxbow Calcining USA Inc. v American Indus. Partners, 96 AD3d 646, 650, [1st Dept 2012]; Genger v Genger, 152 AD3d 444, 445 [1st Dept 2017]; Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 180 [2011]). Nor did plaintiff allege how he changed his position or otherwise relied on any purported misrepresentations or omissions to his detriment, especially considering that he believed that the representations were untrue (see Waggoner v Caruso, 68 AD3d 1, 6 [1st Dept 2009], affd 14 NY3d 874 [2010]). The matrimonial court was well aware of, and rejected as irrelevant, plaintiff's claims that defendant had improperly attempted to obtain a greater share of the equitable distribution when it authorized certain debts to be satisfied from the proceeds of the sale of the marital residence. Nor did the complaint adequately allege damages, as plaintiff received exactly what the matrimonial court ordered (see generally Connaughton v Chipotle Mexican Grill, Inc., 135 AD3d 535, 538 [1st Dept 2016], affd 29 NY3d 137 [2017]). As the court assumed the allegations in the complaint were true, plaintiff's argument that the court improperly converted the motions to ones for summary judgment is unavailing.
Plaintiff's argument that he is only seeking enforcement of the matrimonial court's June 2019 order pertaining to equitable distribution was not raised before the court and is improperly raised for the first time here (see Deutsche Bank Natl. Trust Co. v Willock, 191 AD3d 576 [1st Dept 2021]). Nor is there any such allegation in his complaint, which sounds almost entirely in fraud and related causes of action.
Finally, it was not error for the court to dismiss the complaint with prejudice. Plaintiff provided no real indication of what he would have included to meet the relevant pleading standards. Accordingly, any leave to replead would have been futile (Federated Fire Protection Sys. Corp. v 56 Leonard St., LLC, 188 AD3d 414 [1st Dept 2020]; Spitzer v Schussel, 48 AD3d 233, 233 [1st Dept 2008]).
We have considered plaintiff's remaining arguments and find them unavailing.THIS CONSTITUTES [*2]THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 27, 2023