**Colliers Intl. NY LLC v City Hall Commons LLC**

2024 NY Slip Op 33167(U)

September 10, 2024

Supreme Court, New York County

Docket Number: Index No. 650032/2020

Judge: Debra A. James

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. DEBRA A. JAMES**                                  PART   59

                                                        *Justice*

-------------------------------------------------------------------------------X

COLLIERS INTERNATIONAL NY LLC,

                              Plaintiff,

                - v -

CITY HALL COMMONS LLC,

                              Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 650032/2020 |
| **MOTION DATE** | 02/27/2020 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 3, 4, 5, 6, 7, 8, 9, 11, 12, 13, 14, 15, 16, 17, 18, 23, 29

were read on this motion to/for                          DISMISS                          .

ORDER

Upon the foregoing documents, it is

ORDERED that the motion of the defendant City Hall Commons, LLC, to dismiss is denied, and it is further;

ORDERED that the cross motion of plaintiff Collier International NY LLC, for summary judgment on the complaint herein is granted and the Clerk of the Court is directed to enter judgment in favor of plaintiff and against defendant in the amount of $206,924.20, together with interest at the rate of 9% per annum from September 17, 2019, until the date of the decision and order on this motion, and thereafter at the statutory rate, as calculated by the Clerk, together with costs and disbursements to be taxed by the Clerk upon submission of an appropriate bill of costs.

**650032/2020   COLLIERS INTERNATIONAL NY LLC vs. CITY HALL COMMONS LLC**                          **Page 1 of 5**
  **Motion No.  001**

1 of 5

DECISION

In this action, plaintiff Colliers International NY LLC ("Colliers") seeks the payment of a brokerage commission arising out of the renewal of a lease between the defendant, landlord City Hall Commons LLC ("CHC") and non-party JPMorgan Chase Bank N.A. ("Chase"), tenant, for premises located at 253 Broadway, New York, New York.

Chase retained Colliers in connection with the lease renewal and participated in the negotiations. (See e-mail message dated May 28, 2019 from plaintiff to defendant, with cc: Chase, and letter dated May 31, 2019 from plaintiff to defendant [NYSCEF Document Numbers 12 and 13).

On September 17, 2019, Chase and CHC subsequently agreed to the terms of the lease renewal and both acknowledged by letter-agreement (the "Renewal Notice") that Colliers was the sole broker involved in the transaction, and that CHC would "pay the fees due to [Colliers] relating to this Renewal Notice pursuant to a separate agreement." (NYSCEF Document Number 014, p. 1). In fact, in support of its dismissal motion, defendant attaches a copy of the Renewal Notice, which includes a copy of the Commission Calculation Worksheet. (See NYSCEF Document Number 007, p. 4).

CHC argues that Colliers is not owed any fees because the Renewal Notice refers to a separate brokerage agreement, which was never executed by the parties. It is undisputed that Colliers

**650032/2020   COLLIERS INTERNATIONAL NY LLC vs. CITY HALL COMMONS LLC**          **Page 2 of 5**
  **Motion No.  001**

INDEX NO. 650032/2020

RECEIVED NYSCEF: 09/10/2024

sent CHC a brokerage agreement after the renewal was completed, and that CHC did not execute such brokerage agreement. (NYSCEF Document Number 15).

CHC further argues that the issue whether Colliers is entitled to commissions raises a triable issue that precludes summary judgment, as Collier was more a hinderance than helpful during the lease renewal negotiations.

The clear representation of CHC to pay Collier's commissions, as per the Renewal Notice, and documentary evidence of Collier's participation in the lease renewal negotiations entitles Colliers to summary judgment, as a matter of law.  See Newmark & Co. Real Estate Inc. v 2615 E. 17 St. Realty LLC, 80 AD3d 476 (1st Dept 2011).

Newmark involved a lease that provided "that plaintiff was the exclusive broker for the transaction and that defendant [landlord] would pay its commission," id, at p 477.  The Newmark court found that the failure of the parties to execute a brokerage agreement was not an impediment to enforceability because of the parties' communications establishing that: (1) the broker participated in the lease negotiations, (2) the commissions had been discussed, (3) the landlord revised the brokerage agreement, and (4) the landlord never rejected the terms of the unsigned brokerage agreement.  Therefore, the Newark court held that such

**650032/2020   COLLIERS INTERNATIONAL NY LLC vs. CITY HALL COMMONS LLC**          **Page 3 of 5**
   **Motion No.  001**

[* 3]

3 of 5

evidence established a "meeting of the minds" as to the commissions. See Id. at pp. 477-478.

Here, it is undisputed that Colliers participated in the transaction (NYSCEF Document Numbers 012 and 013), and by the Renewal Notice, CHC expressly agreed to pay Colliers commissions earned. The failure of the parties to execute a subsequent brokerage agreement does not relieve CHC of its obligation to pay the commissions, as a matter of law. Newmark, id. See also Joseph P. Day Realty Corp. v Chera, 308 AD2d 148, 152 (1st Dept 2003):

> Where a contract of sale or lease agreement admits the broker's performance of services and includes an express promise by the seller to pay the broker's commission, the broker is entitled to summary judgment on its claim for a commission as a third-party beneficiary of the contract or lease.

and Helmsley-Spear, Inc v New York Blood Center, Inc., 257 AD2d 64, 67 (1st Dept 2003).

The record is devoid of any objection by CHC to the commissions, which were set forth in the Commission Calculation Worksheet attached to the executed Renewal Notice (NYSCEF Document Number 007).

Furthermore, CHC's allegations that Colliers is not entitled to commissions because it was a hinderance during the negotiations fail to raise a triable issue of fact that would defeat summary judgment, as same is merely an effort to "contradict a contractual admission clear from the instrument itself." See Helmsley-Spear,

**650032/2020   COLLIERS INTERNATIONAL NY LLC vs. CITY HALL COMMONS LLC**
**Motion No.  001**

**Page 4 of 5**

4 of 5

[* 4]

<u>Inc.</u>, 257 AD2d at 68.  The other cases cited by CHC are inapposite and unavailing.

Colliers is entitled to receive the commissions set forth in the Renewal Notice.  Colliers is entitled to pre-judgment interest on such commissions at the statutory rate from the date that the Lease Renewal was signed.  See <u>Lee & Assoc. NYC LLC v 1998 Alexander Karten Annuity Tr.</u>, 117 AD3d 514, 515 (1st Dept 2014).

20240910145408DJAMES914B39205E024C27A8399A8717ABFB32

| __9/10/2024__ | | | | |
|---|---|---|---|---|
| **DATE** | | | **DEBRA A. JAMES, J.S.C.** | |

| **CHECK ONE:** | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | DENIED | X GRANTED IN PART | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**650032/2020   COLLIERS INTERNATIONAL NY LLC vs. CITY HALL COMMONS LLC**            **Page 5 of 5**
**Motion No.  001**

5 of 5