Cooper v Arbor Realty Trust, Inc. (2025 NY Slip Op 03862)

Cooper v Arbor Realty Trust, Inc.

2025 NY Slip Op 03862

Decided on June 26, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 26, 2025

Before: Kern, J.P., Kennedy, González, Shulman, Rodriguez, JJ. 

Index No. 651611/23|Appeal No. 4639|Case No. 2024-06749|

[*1]Adam Cooper, Plaintiff-Appellant,
v
Arbor Realty Trust, Inc. et al., Defendants-Respondents.

Herrick, Feinstein LLP, New York (Daniel A. Field of counsel), for appellant.
Westerman Ball Ederer Miller Zucker & Sharfstein, LLP, Uniondale (Jeffrey A. Miller of counsel), for Arbor Realty Trust, Inc., respondent.
Offit Kurman, P.A., New York (Dani Schwartz of counsel), for Maurice Kaufman, respondent.

Order, Supreme Court, New York County (Louis L. Nock, J.), entered October 2, 2024, which granted the motions of defendants Arbor Realty Trust, Inc. and Maurice Kaufman to dismiss the complaint pursuant to CPLR 3211 and declared that defendants are not required to remit payment of a Finder's Fee on all Agency Loans consummated between defendant Arbor and nonparty Emerald Empire, Inc., irrespective of whether a mortgage broker is involved, unanimously affirmed, without costs.
Real Property Law § 442-d bars plaintiff's breach of contract claim. The parties do not dispute that real estate was the "dominant feature" of the loans issued by Arbor, a real estate lender, to nonparty Emerald, a real estate company (see generally Sorice v DuBois, 25 AD2d 521, 521 [1st Dept 1966]). Real Property Law § 442-d bars plaintiff's fee even if plaintiff only introduced the lender and borrower and was otherwise uninvolved in negotiating any of the deals (see Futersak v Perl, 84 AD3d 1309, 1311 [2d Dept 2011], lv denied 18 NY3d 943 [2012]; see also Minichiello v Royal Bus. Funds Corp., 18 NY2d 521, 527 [1966], cert denied 389 US 820 [1967]).
The alleged contract, which the parties do not dispute falls within the ambit of the statute of frauds, is also unenforceable because the set of text messages that collectively form the alleged agreement failed to comport with the statute of fraud's subscription requirement (see Parma Tile Mosaic & Marble Co. v Estate of Short, 87 NY2d 524, 527-528 [1996]; cf. Newmark & Co. Real Estate Inc. v 2615 E. 17 St. Realty LLC, 80 AD3d 476, 477 [1st Dept 2011]).
Because both Real Property Law § 442-d and the statute of frauds bar plaintiff's recovery of a fee on all deals, Supreme Court properly dismissed plaintiff's unjust enrichment claim (see General Obligations Law § 5-701[a][10]; Patrick Capital Mkts., LLC v Rabina Props., LLC, 225 AD3d 525, 526 [1st Dept 2024]; NFS Servs. v West 73rd St. Assoc., 102 AD2d 388, 389 [1st Dept 1984], affd 64 NY2d 919 [1985]).
Furthermore, the court providently declined to grant plaintiff a continuance to conduct discovery. Even if discovery might allow plaintiff to find writings that satisfy the statute of frauds, Real Property Law § 442-d independently bars all of his claims. For the same reason, the court providently declined to grant leave to replead as futile (see Izhaky v Izhaky, 215 AD3d 588, 589 [1st Dept 2023]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 26, 2025