Collé v Saunders

2026 NY Slip Op 03288

May 27, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Jeffrey Collé, appellant,

v

Andrew Saunders, et al., respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 27, 2026

2024-09215, (Index No. 618625/21)

Mark C. Dillon, J.P.

Lara J. Genovesi

Donna-Marie E. Golia

Phillip Hom, JJ.

Campolo, Middleton & McCormick, LLP, Ronkonkoma, NY (Jeffrey V. Basso of counsel), for appellant.

Hogan Lovells US LLP, New York, NY (Claude G. Szyfer and Brett Weinstein of counsel), for respondents.

[*1]

DECISION & ORDER

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Kathy G. Bergmann, J.), dated August 6, 2024. The order granted that branch of the defendants' motion which was for summary judgment dismissing the complaint and that branch of the defendants' separate motion which was to strike certain affirmations submitted by the plaintiff in opposition to the defendants' motion for summary judgment dismissing the complaint.

ORDERED that the order is affirmed, with costs.

The plaintiff commenced this action against the defendants, alleging that he was not paid for his services pursuant to an oral agreement with the defendants upon the sale of a certain parcel of real property (hereinafter the property). The defendants moved, inter alia, for summary judgment dismissing the complaint, contending that Real Property Law § 442-d precluded the unlicensed plaintiff from maintaining this action. The plaintiff opposed the motion, arguing, among other things, that Real Property Law § 442-d was not applicable under the circumstances of this case. In opposition, the plaintiff submitted his own affirmation and affirmations of Thomas Lawrence and David Saskas. The defendants moved, inter alia, to strike the affirmations as prohibited by an order of preclusion dated November 28, 2023 (hereinafter the preclusion order). In an order dated August 6, 2024, the Supreme Court granted those branches of the defendants' separate motions. The plaintiff appeals.

"Real Property Law § 442-d bars unlicensed persons and corporate entities from recovering fees or commissions for the performance of services facilitating, inter alia, the sale of real property" (Ling's Props., LLC v Bode, 94 AD3d 951, 952; see Fields v Pinkney, 242 AD3d 948, 949). "Where the dominant feature of the transaction at issue is the transfer of real property, one who does not have a real estate broker's license is barred from collecting a fee for endeavors in the nature of brokerage services" (Panarello v Segalla, 6 AD3d 515, 516).

It is undisputed that the plaintiff did not have a real estate license at the time of the transaction at issue. In support of that branch of their motion which was for summary judgment [*2]dismissing the complaint on the ground that the plaintiff's recovery was barred pursuant to Real Property Law § 442-d, the defendants demonstrated, prima facie, that the sale of the property was the dominant feature of the transaction at issue and that the plaintiff was attempting to collect a fee for services facilitating the sale of the property (see Ling's Props., LLC v Bode, 94 AD3d at 952; Futersak v Perl, 84 AD3d 1309, 1311). In opposition, the plaintiff failed to raise a triable issue of fact (see Fields v Pinkney, 242 AD3d at 949; cf. Kaspi v Wainstein, 161 AD3d 443). That the plaintiff referred to his services as "consulting" is not determinative, as the record demonstrates that the sale of the property was not merely incidental to the agreement and that the services rendered were only for the purpose of facilitating the sale of the property (see Ling's Props., LLC v Bode, 94 AD3d at 952; Futersak v Perl, 84 AD3d at 1311).

Furthermore, contrary to the plaintiff's contention, the Supreme Court properly granted that branch of the defendants' motion which was to strike the affirmations that the plaintiff submitted in opposition to the defendants' motion for summary judgment dismissing the complaint pursuant to the preclusion order. The preclusion order provides, in relevant part, the following: "ORDERED that the plaintiff is hereby precluded from offering any further evidence in support of his claims upon any dispositive motions and/or at a trial of this matter."

Accordingly, the Supreme Court properly granted those branches of the defendants' separate motions which were for summary judgment dismissing the complaint and to strike the affirmations submitted by the plaintiff in opposition to the defendants' motion for summary judgment dismissing the complaint.

DILLON, J.P., GENOVESI, GOLIA and HOM, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court